## CITRUS SOAP CO. OF CALIFORNIA v. LUCAS, Internal Revenue Com'r.

## No. 6091.

Circuit Court of Appeals, Ninth Circuit.
July 7, 1930.

Henry J. Bischoff, of San Diego, Cal., and Barry Mohun and Geo. E. Elliott, both of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch and John Vaughan Groner, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, and R. M. Shan, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

This is a proceeding to review a decision of the United States Board of Tax Appeals. The petition presents but two questions: First, was there any competent testimony before the board tending to prove the value of the good will acquired by the petitioner through the purchase of the assets and business of its predecessor in interest; and, second, was there competent testimony tending

to prove that the petitioner sustained a loss through the demolition of a building acquired by it from its predecessor in interest, together with the equipment therein contained?

In disposing of the claim for good will, the board said:

"We have before us evidence as to the amounts at which the tangible assets were carried on the books of the old corporation and the earnings of that company over a period of years. There is also evidence that an appraisal was made of these assets about 1920, which appraisal is not before us. The book entries of the old corporation are not sufficient to prove that the values they purport to give the assets in question are correct, and they are not supported by other evidence. On this issue we must decline to disturb the determination of the respondent."

 If the board was correct in stating that the book entries were merely net income before tax paid, value of tangible property, and amount of federal tax, running over a period of five years and seven months, were not supported by other competent and independent testimony, we would perhaps find little difficulty in affirming its decision. Douglas v. Edwards (C. C. A.) 298 F. 229, 234; Eaton v. English & Mersick Co. (C. C. A.) 7 F.(2d) 54, 58. But, in our opinion, there was competent supporting testimony. A witness for the petitioner testified that for a number of years prior to June 1, 1920, he was a director, secretary, and treasurer of the predecessor corporation; that he was familiar with its buildings and machinery, because, in addition to his duties as secretary and treasurer, he was purchasing agent and superintendent of plant operation; that the corporation had been engaged in the manufacture of soap products and by-products, including crude glycerine and soda, which were marketed principally in California, Oregon, and Washington, and to a slight extent in Idaho and Arizona; that the company had registered trade-marks which had been taken out some years prior to the incorporation of the new company; that they applied to package goods; that, prior to the sale to the new corporation, the actual value of the assets was not very great, but the profits were large as compared with the assets; that for five and a half years prior to the incorporation of the new company its predecessor averaged approximately $59,000 per year in net profits, before federal taxes; that the average value of the tangible assets during that period was approximately $151,000; that the reasonable value of the intangible property of the old corporation, at the time of the transfer, based upon the net earnings of the preceding years, was not less than $500,000; that he arrived at this figure by the fact that the earnings, over and above the reasonable earnings of the tangible assets, amounted to 8 per cent. on $500,000; that, in short, he figured that 8 per cent. of the average tangible assets for five years and five months prior to the new corporation was a sufficient return, and that the earnings in excess of that return represented the value of the intangible assets; and that again capitalizing those earnings at 8 per cent. shows a value of intangible assets in excess of $500,000. The witness further testified that the income of the new corporation exceeded the income of its predecessor quite substantially, commencing almost immediately upon its incorporation; that its average net income for the first three years of its existence, before federal taxes, would approximate not less than $150,000 a year; and that in his opinion, in view of the profits accruing to the new corporation, his estimate of the intangible assets of the old corporation was very conservative. The foregoing testimony was competent and from a competent source. It was not contradicted by any other testimony. It was not unreasonable or improbable in itself, and, in our opinion, it tended to prove as a matter of law that the good will acquired by the petitioner from its predecessor in interest had a substantial value. What that value was, or the mode or formula by which it should be ascertained, is primarily for the determination of the Board of Tax Appeals. See, however, Pfleghar Hardware Specialty Co. v. Blair (C. C. A.) 30 F.(2d) 614; 28 C. J. 735, and cases there cited.

In reference to the loss sustained through the demolition of the building, the board said:

"For the reasons heretofore stated, we are unable to determine the cost to the petitioner of the old factory building, and we cannot, therefore, disturb the respondent's determination as to the amount of the loss sustained in 1920 on the sale thereof."

The testimony on this issue was unsatisfactory, but such testimony as was given was not contradicted. The witness already quoted testified that the building had a value of $10,000 at the time of its acquisition by the petitioner, and the amount realized upon its demolition was far below that sum. And, without further discussing the latter question, we think the ends of justice will be best subserved by referring the case back to the board for a rehearing to determine both issues anew. It is so ordered.