JAMES E. CALDWELL & COMPANY, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 12723.

United States Court of Appeals
Sixth Circuit.

June 25, 1956.

David M. Keeble, Nashville, Tenn., for petitioner.

Charles K. Rice, John Potts Barnes, Lee A. Jackson, Rollin H. Transue, Melva M. Graney and Carolyn R. Just, Washington, D. C., for respondent.

Before McALLISTER and STEWART, Circuit Judges, and STARR, District Judge.

PER CURIAM.

This is a petition to review a decision of the Tax Court. At issue in that court were three essentially unrelated questions: "1. Whether the Commissioner correctly determined that petitioner could not capitalize the cost of settling a suit which represented a cloud on its title to certain real property. 2. Whether the Commissioner correctly determined that petitioner could not deduct a payment in satisfaction of its share of a tort judgment and related attorney's fees. 3. Whether the Commissioner correctly determined that petitioner realized gain to the extent of the full sale price of certain stock which was acquired by gift from a donor whose basis is unknown."

Petitioner contends that the Tax Court was in error in answering all three of these questions affirmatively and in entering its decision for the respondent Commissioner. The decision was reviewed by the court, four judges dissenting upon all questions at issue. 1955, 24 T.C. 597.

The facts, which are undisputed, are clearly set out in the Tax Court's findings. The legal issues also received

thorough consideration and discussion at the hands of both the majority and dissenting members of that court. Under these circumstances, a paraphrased recapitulation here would serve little purpose.

We are persuaded that the decision of the Tax Court must be reversed for the reasons expressed in Judge Bruce's dissenting opinion and upon the authorities therein cited. With regard to the third issue, since the basis of National Union Stock Yards, Inc., stock determined by the Commissioner was clearly arbitrary, the case is remanded to give both parties an opportunity to present further evidence in order to determine the correct basis if possible. In the event that insufficient probative evidence upon this issue is adduced, then neither gain not loss can be allowed for the reasons discussed in Judge Bruce's dissenting opinion.

It is so ordered.