BURRELL E. DAVIS AND LUCY DAVIS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 66589. Filed June 24, 1960.

*Lucy Davis, pro se.*
*Thomas F. Greaves, Esq.*, for the respondent.

TRAIN, *Judge:* The respondent determined deficiencies in petitioners' income tax for 1953 and 1954 in the amounts of $464.82 and $310.70, respectively.

The issues for decision are the disallowance with respect to 1953 of deductions for a loss due to vandalism and for attorney fees and with respect to 1954 of a deduction claimed for "embezzlement and theft."

FINDINGS OF FACT.

The petitioners are husband and wife who reside at Mojave, California. They filed joint returns for 1953 and 1954 with the district director of internal revenue at Los Angeles, California.

On March 23 or March 24, 1953, vandals broke into a house being constructed for the petitioners and damaged certain new ap-

pliances owned by the petitioners and placed by them on the premises. The appliances included a stove, a washing machine, a dryer, and a deep freeze. The damage caused by the vandalism to these appliances reduced their value by $1,573.82, and petitioners suffered a loss in that amount not compensated by insurance or otherwise. The vandalism was reported by petitioners to the police shortly after it occurred.

### OPINION.

The respondent has not questioned the correctness of the amounts claimed by petitioners as deductions but, with respect to the deductions at issue here, determined that they were not allowable as deductions under the Internal Revenue Code.

With respect to the vandalism loss, the respondent claims that the loss does not represent a casualty loss within the meaning of section 23(e)(3) of the 1939 Code. The loss involved was caused by agencies outside the control of petitioners, was sudden in nature, and destructive in effect. Under these circumstances, we are of the opinion that the loss was of the class included as a deductible loss under section 23(e)(3).

The so-called "embezzlement and theft" loss claimed by petitioners is based upon the alleged existence of a conspiracy involving attorneys, local banks, courts, and Government agencies. While the lengthy testimony of Lucy Davis gave evidence of sincere distress of mind and of a series of personal misfortunes surrounding the attempted construction of a personal residence, there is nothing on the record to support a deduction such as is claimed. The respondent's disallowance of the deduction is sustained.

The attorney fees claimed as a deduction for 1953 apparently were incurred with respect to the so-called "theft and embezzlement" loss set forth above. Assuming the payment of such fees, there is no evidence to establish that they were not personal in nature, and, thus, not deductible.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

OPPER, *J.*, dissents.