**UNITED STATES of America,**
**Appellant,**

**v.**

**Ann E. LATTIMORE, Appellee.**

**No. 18920.**

United States Court of Appeals
Ninth Circuit.

Dec. 6, 1965.

Louis F. Oberdorfer, Asst. Atty. Gen., Wm. A. Geoghegan, Asst. Deputy Atty. Gen., Lee A. Jackson, I. Henry Kutz, Martin B. Cowan, Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., Richard L. Carico, Asst. U. S. Atty., San Francisco, Cal., for appellant.

Reginald G. Hearn, San Francisco, Cal., for appellee.

Before CHAMBERS, JERTBERG and DUNIWAY, Circuit Judges.

CHAMBERS, Circuit Judge:

Miss Lattimore is a business woman and a collector of fine objects of art: figurines, chinaware, glassware, furniture and paintings.

She closed her apartment in San Francisco in 1949 and sent many of her collected objects in barrels and tea boxes[1] to storage. For several months, 1952–1953, the boxes and barrels were out of storage in the hands of a trusted employee of Miss Lattimore's, who unpacked about everything in search of one or more items of which Miss Lattimore wanted to make present use. He condensed the contents of 18 barrels into 13 and returned them and the tea boxes to storage. By 1955, Miss Lattimore had taken a small apartment in the Mark Hopkins Hotel in San Francisco and ordered the storage company to deliver her collected objects to the apartment at a time when she was absent from the city. Upon her return, she found the contents of her boxes and barrels spread all over the floor of the apartment in broken or scratched or otherwise damaged condition, and many, many items were missing. Damage and loss based on fair market value was $26,000, about $8,000 of which was alleviated by insurance. The district court found that the "loss was caused by agencies outside the control of plaintiff."

The fair market value of the items was found as follows:

a. Smashed and broken items .................$12,490.00
b. Missing items ......... 12,140.00
c. Items soiled and crushed requiring restoration ... 1,370.00

To the extent she was uninsured, the taxpayer attempted to establish a casualty loss on her federal income taxes for 1955, which in her case, if she had a permissible deduction, would have involved also a loss carry back for the years 1954 and 1953. Assuming she had a deduction, she sought to recover a portion of her taxes by suit. (She had previously been in the Tax Court where her case was dismissed without a decision on the merits.)[2] If the deduction was valid, she was entitled to a refund of $4,310.77. The district court upheld her contentions and ordered judgment for that amount.

The government appeals asserting that the proof did not amount to a showing of "other casualty" under Section 165(c)(3) of the Internal Revenue Code of 1954[3] and that it was not enough to just prove fair market value at the time of the loss or damage.

The finding that "the loss was caused by agencies outside the control of plaintiff, was destructive in effect * * *" is rather sketchy, but listing the items: "smashed and broken" and "missing items" seem to describe a casualty and have an element of suddenness in them, which seems to be required for

1. The tea boxes involved here were of perhaps five to ten gallon capacity and are the type in which tea is received by importers. They are not the small type found on a grocer's shelf.

2. Ann E. Lattimore, 7 CCH 1962 Stand. Fed.Tax Rep. (T.C.Memo. 1962–75) para. 7433 (April 4, 1962).

3. 26 U.S.C. § 165(c) (3).

casualty.[4] In the items "soiled and crushed, $1,370.00," there might be a question as to the deductibility of soiling which may have been caused by moisture about which one witness testified. But we know of no reason that this item could not be divided as to crushing and soilage and the soilage apportioned with the insurance recovery. Before the tax court, the government seemed to concede that fair market value would be the basis for determining the loss. But we cannot say it waived it forever because in the pretrial joint partial agreed statement of facts, the parties listed as one question for the court: "The necessity for a cost basis in claimed deductions for casualty loss."

■ It is clear enough that the same necessity exists on a deduction for casualty loss as on a sale: a prior "basis," cost or otherwise. See Sections 165, 1011, 1012, 1014 and 1015 of the Internal Revenue Code of 1954.[5]

The stipulation of the parties says Miss Lattimore acquired the items involved in her loss by gift and inheritance, yet in her testimony she says she bought some of the items (apparently some in San Francisco and others as she traveled), some were from her mother (inheritance?) and some were gifts. As Miss Lattimore testified in court, she was not held to her counsel's stipulation of gift and inheritance as sources.

■ We must reverse. It is not unfair to the taxpayer, and we hold the law makes it mandatory, for her to identify the items she bought, giving the cost or a close approximation of what she paid and to identify the items she inherited, establishing the basis provided in Section 1014(a).[6] (Generally, the value at decedent's death.) On the third category: gifts, the taxpayer is not entirely at the mercy of the limbo of the past. On the gifts, taxpayer may well satisfy the court and the Internal Revenue Service that she is entitled to something.[7]

As to "other casualty," the test of Section 165(c) (3), if the court by a preponderance of the evidence finds that certain items were probably stolen and certain items were probably damaged by vandalism or other rough sudden usage, we would uphold it.[8] The "soiled or crushed" items seem on shaky ground. Was the soiling from slowly accumulated moisture, vandalism or mishandling? Did soiling or crushing occur first? How much damage was attributable to each cause?

One cannot go through the record without becoming convinced that the taxpayer is entitled to some deduction for her loss. On both sides there is a little intransigence. The taxpayer's counsel insists, "I will prove it my way." The government, conceding nothing, says, "You can't prove it."

Reversed and remanded for a new trial.

---

4. The "suddenness" requirement, although not free from evidentiary difficulties, see E. G. Kilroe, 32 T.C. 1304, is necessary to distinguish casualty loss from normal wear and tear. See Rosenberg v. Commissioner of Internal Revenue, 8th Cir., 198 F.2d 46, 41 A.L.R.2d 684; Matheson v. Commissioner of Internal Revenue, 2d Cir., 54 F.2d 537.

5. 26 U.S.C. §§ 165, 1011, 1012, 1014, 1015; see Burnet v. Houston, 283 U.S. 223, 51 S.Ct. 413, 75 L.Ed. 991; United States v. Koshland, 9th Cir., 208 F.2d 636.

6. 26 U.S.C. § 1014(a).

7. We do not now express an opinion of the effect of § 1015 of the Internal Revenue Code of 1954, 26 U.S.C. § 1015, upon Miss Lattimore's burden of proof on basis with respect to the gifts. However, the commissioner ought to know the costs of donors were substantial. He could be governed accordingly.

8. See Burrell E. Davis, 34 T.C. 586; 5 Mertens, Law of Federal Income Taxation § 28.57.