RAYMOND v. AND CAROL W. BAKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baker v. Commissioner
Docket No. 1799-76.
United States Tax Court
T.C. Memo 1978-378; 1978 Tax Ct. Memo LEXIS 136; 37 T.C.M. (CCH) 1556; T.C.M. (RIA) 78378; September 21, 1978, Filed Robert M. Tyle, for the petitioners. Joan B. Alexander, *137 for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $ 720.87 in petitioners' 1972 federal income tax. Concessions having been made, the sole issue remaining for decision is whether petitioners are entitled to a casualty loss deduction under section 165(a) in excess of the amount allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated, and those *138 facts are so found. Petitioners filed their joint 1972 federal income tax return with the Internal Revenue Service Center at Andover, Massachusetts. At the time the petition herein was filed, they resided in Coopers Plains, New York. Petitioners own a two level home in which they have resided since 1958. Petitioner Carol W. Baker inherited the house from her father, who died on March 3, 1955. In June, 1972, Hurricane Agnes struck the area in which petitioners' house is located and caused severe flooding and extensive damage.As a result of the flood, petitioners suffered some damage to their personal property in the house; the concrete floor of petitioners' cellar broke up and pieces of concrete were carried away; the cellar walls cracked and leaked; the basement window frames rotted; and the furnace, hot water heater, and water pump were destroyed. In addition, the flood contaminated petitioners' water well, created a large hole or crater in their front lawn, back lawn, and driveway and deposited mud behind the pegboard in the garage. Petitioners received a $ 1,200 disaster loan from the Small Business Administration (SBA), repayment of which was subsequently forgiven. *139 They were not otherwise compensated for the damage done to their home as a result of the flood. Petitioners began work immediately after the flood to repair some of the damage done to their home. They purchased and had installed a new furnace and hot water heater for $ 1,800. The entire proceeds of the SBA loan was expended for these items. They bought a water pump and drilled a new well at a cost of $ 325 to $ 350.Petitioners filled the holes in the front and back yard with debris from the flood and purchased some topsoil for the lawn. The basement walls were whitewashed, but they still leaked at the time of trial. Petitioners expended about $ 81 on concrete to repair part of the cellar floor. At the time of trial, a portion of the cellar floor remained unrepaired as did the basement walls and window casings. The fair market value of the home was not less than $ 16,000 immediately before the flood and not more than $ 11,654 immediately thereafter. The house had a basis in petitioners' hands in excess of $ 4,346. On their joint 1972 federal income tax return, petitioners claimed a casualty loss deduction under section 165(a) in the amount of $ 4,896. Petitioners now concede *140 that that amount should be reduced by $ 1,200; i.e., the amount of the SBA indebtedness which was forgiven. In his notice of deficiency, respondent allowed $ 346 of the claimed deduction, but disallowed the remainder for lack of substantiation. He now concedes a loss in the amount of $ 650 for damage to personal property. OPINION Section 165(a) permits individuals to deduct losses suffered upon the damage to or destruction of nonbusiness property by reason of fire, storm, or other casualty to the extent that the loss from each casualty not compensated for by insurance or otherwise exceeds $ 100. See sec. 165(c)(3). The proper measure of the loss sustained is the difference between the fair market value of the property immediately before the casualty and its fair market value immediately thereafter, but not to exceed its adjusted basis. See Helvering v. Owens,305 U.S. 468 (1939); Millsap v. Commissioner,46 T.C. 751, 759 (1966), affd. 387 F.2d 420 (8th Cir. 1968); sec. 1.165-7(b)(1), Income Tax Regs.
Physical damage to property caused by a flood is clearly a casualty within the purview of section 165(c)(3), and respondent apparently *141 concedes that petitioners suffered some such damage. The questions to be resolved, then, are: (a) the amount of the actual loss sustained and (b) the adjusted basis of the property in petitioners' hands. The burden of proving these amounts rests with petitioners. Pfalzfrf v. Commissioner,67 T.C. 784, 787 (1977); Axelrod v. Commissioner,56 T.C. 248, 256 (1971). To establish the amount of the casualty loss, the fair market value of the property immediately before and immediately after the casualty "shall generally be ascertained by competent appraisal." Sec. 1.165-7(a)(2)(i), Income Tax Regs. The opinion of a landowner as to the value of his or her property is admissible in evidence without further qualification because of the owner's special relationship to that property. District of Columbia Redevelopment Land Agency v. 13 Parcels of Land,534 F.2d 337, 339-340 (D.C. Cir. 1976); United States v. Sowards,370 F.2d 87, 92 (10th Cir. 1966); Kinter v. United States,156 F.2d 5 (3d Cir. 1946); Harmon v. Commissioner,13 T.C. 373 (1949); see also Fed. R. Evid. 701 *142 ; 2 Jones, Evidence, sec. 14:6, p. 599 (6th ed. 1972); 3 Wigmore, Evidence, sec. 714, p. 50 (1970 rev.). But, we are not bound to accept that testimony at face value, even though it is uncontradicted, if it appears to be improbable, unreasonable, or offered solely to serve the selfinterests of the taxpayer. Fixel v. Commissioner,T.C. Memo. 1974-197, affd. without opinion 511 F.2d 1400 (5th Cir. 1975); see United States v. 3,698.63 Acres of Land, Etc.,416 F.2d 65 (8th Cir. 1969). Petitioner Raymond v. Baker testified that the fair market value of his house was $ 16,000 to $ 17,000 immediately prior to the flood and $ 8,000 to $ 10,000 immediately thereafter. He has lived in the home continuously since 1958 and based his pre-casualty fair market value estimate on comparable sales of similar homes in the area. We found his testimony to be forth-right and believable. It appears that $ 16,000 is a reasonable, if not a conservative, estimate of the value of his home immediately before the flood and respondent offered no contradictory evidence. Even reducing the amount of the decrease in fair market value to take into account Mr. Baker's *143 self-interest in his appraisal of the property's post-casualty fair market value, we find and therefore hold that petitioners have satisfactorily proved that the amount of the casualty loss claimed on their income tax return -- $ 4,896 -- was actually sustained as a direct result of the flood. We also believe that petitioners have met their burden of proving that the adjusted basis of their home was in excess of the amount of the loss claimed. A taxpayer claiming a casualty loss deduction under section 165(c)(3) must establish the basis of damaged property acquired by inheritance. United States v. Lattimore,353 F.2d 379 (9th Cir. 1965); see, e.g., Elliott v. Commissioner,40 T.C. 304 (1963). Section 1014, which deals with the basis of property acquired from a decedent, provides, in very general terms, that the basis of such property shall be its fair market value at the date of the decedent's death. Elliott v. Commissioner,supra.Petitioner Carol W. Baker testified that, in her opinion, the home had a fair market value of $ 12,000 on the date of her father's death. See District of Columbia Redevelopment Land Agency v. 13 Parcels of Land,supra; *144 United States v. Sowards,supra;Kinter v. United States,supra.We found her testimony, which was uncontradicted, to be forthright and candid. It is clear that petitioners' home was not without a fair market value at the time in question and, under the statute, fair market value is the proper measure of the property's basis. Jones v. Commissioner,24 T.C. 525 (1955); sec. 1014(a).Therefore, we find that petitioners have established an adjusted basis in their home in excess of the amount of the casualty loss claimed. See Clapp v. Commissioner,36 T.C. 905 (1961), affd. 321 F.2d 12 (9th Cir. 1963); Citrus Soap Co. of California v. Lucas,42 F.2d 372 (9th Cir. 1930), revg. and remanding 14 B.T.A. 1155 (1929). As a result of the foregoing, we hold that petitioners are entitled under section 165(c)(3) to a casualty loss deduction, after application of the $ 100 floor, of $ 3,696, which amount includes the $ 650 conceded by respondent as the petitioners' loss of personal property. * * *
In accordance with the foregoing, Decision will be entered under *145 Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.