The MASON AND DIXON LINES, INCORPORATED, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 82–5027.

United States Court of Appeals, Sixth Circuit.

Argued March 16, 1983.

Decided June 1, 1983.

John Y. Merrell, [Lead Counsel] (argued), John Y. Merrell, Jr., Timothy J. Callahan, Merrell & Callahan, McLean, Va., T. Arthur

---

Scott, Jr., Hunter, Smith & Davis, Edwin O. Norris, Kingsport, Tenn., for plaintiff-appellant.

W. Thomas Dillard, U.S. Atty., Greeneville, Tenn., Guy W. Blackwell, Robert E. Rice, Trial Atty.—Tax Division Dept. of Justice, Washington, D.C., Glenn L. Archer, Jr. [Lead Counsel], Asst. Atty. Gen., Tax Div., U.S. Department of Justice, Ann Durney, Kenneth L. Greene (argued), Michael Paup, Washington, D.C., for defendant-appellee.

Before LIVELY, Circuit Judge, WEICK, Senior Circuit Judge; and ALDRICH, District Judge.*

LIVELY, Circuit Judge.

When a trucker is convicted in Virginia of a misdemeanor of operating a vehicle with a weight in excess of the statutory limits he is punished by a fine or imprisonment in jail, or both. Virginia Code §§ 46.1–339 and 46.1–16 (1974 Replacement Volume). In addition § 46.1–342 of the Code provides that upon conviction of any person for violation of a weight limit, state or local officials shall, after reasonable notice, assess the owner or operator of the overweight vehicle "liquidated damages." The question in this case is whether a trucker convicted of weight violations may deduct the "liquidated damages" paid to Virginia as ordinary and necessary business expenses in computing its federal income tax.

The Mason and Dixon Lines, Inc. (M–D) is a Tennessee corporation engaged in interstate trucking. During the years 1971–1975 its trucks were found to be overweight a number of times while operating on Virginia highways and M–D paid fines, court costs and liquidated damages. M–D never claimed the amounts paid as fines as deductions on its federal tax returns, but it did deduct the court costs and liquidated damages in one of the years, 1975. The Commissioner of Internal Revenue (Commission-

er) disallowed the claimed deductions and assessed deficiencies. M–D paid the assessment, filed amended returns claiming deductions for the same expenditures in 1971–74, and sued for refunds. Prior to submission of the case for decision the Commissioner conceded that court costs were deductible. The remaining issue was submitted on a stipulation of facts and cross-motions for summary judgment.

■ The district court found that the payments of liquidated damages to Virginia were not deductible because they were not "necessary." Section 162(a) of the Internal Revenue Code, 26 U.S.C. § 162(a), provides a deduction for "all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business...." The district court reasoned that the payments in question were not necessary because they could have been "easily averted." In reaching this conclusion the district court relied upon a statement in *Hoover Motor Express Co. v. United States*, 356 U.S. 38, 78 S.Ct. 511, 2 L.Ed.2d 568 (1958), where the Court noted that a problem of shifting loads and improper weight listings on bills of lading could have been alleviated by securing the loads and carrying scales on the trucks. The district court noted that the explanations given by M–D for its violations revealed relatively minor problems which could have been easily averted, or at least alleviated, by carrying scales on the trucks.

We believe the district court misconstrued the holding in *Hoover Express*. The Court issued decisions in three tax cases on March 17, 1958. All involved the issue of the deductibility of business expenses having some connection with illegal activity. In *Commissioner v. Sullivan*, 356 U.S. 27, 78 S.Ct. 512, 2 L.Ed.2d 559 (1958), the Court held that rent and wages paid by taxpayers engaged in gambling enterprises which were illegal under local law were deductible in the computation of federal income taxes. The expenditures were found to be ordinary

* The Honorable Ann Aldrich, Judge, United States District Court for the Northern District of Ohio, sitting by designation.

and necessary business expenses, and the illegality of the business was held not to affect their deductibility. In *Tank Truck Rentals v. Commissioner,* 356 U.S. 30, 78 S.Ct. 507, 2 L.Ed.2d 562 (1958), fines paid by truckers for violations of state weight limits were held not deductible. It was conceded that most of the violations were deliberate. However, the Court held that it made no difference whether state laws were violated deliberately or unintentionally since the state law which was violated made no such distinction. Referring to its earlier decision in *Commissioner v. Heininger,* 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171 (1943), the Court held that a deduction cannot be considered a necessary business expense "if allowance of the deduction would frustrate sharply defined national or state policies proscribing particular types of conduct, evidenced by some governmental declaration thereof." (Citation omitted) 356 U.S. at 33–34, 78 S.Ct. at 509.

*Hoover Express* was the last of the tax trilogy decided on March 17, 1958. In that case the trucker claimed that all of its violations were inadvertent, and that a distinction should be made between deliberate and unintentional violations of weight limitations. Hoover had challenged the disallowance of the fines as deductions on the two grounds that none of them were willful and that it had taken all practicable precautions to avoid them. *See Hoover Motor Express Co. v. United States,* 241 F.2d 459–60 (6th Cir.1957). The language in the Supreme Court's *Hoover* opinion which the district court relied upon here appears to have been inserted in answer to the contention that the trucker had taken all practicable precautions to avoid violations. Justice Clark concluded this was not true since relatively simple steps were available to alleviate the problems. However, this was not the basis of the decision. The actual holding in *Hoover Express,* as in *Tank Truck Rentals,* was that there is no difference between willful and innocent violations if allowance of a claimed deduction would severely and directly frustrate state policy. 356 U.S. at 40, 78 S.Ct. at 512.

In *Commissioner v. Tellier,* 383 U.S. 687, 694, 86 S.Ct. 1118, 1122, 16 L.Ed.2d 185 (1966), the Supreme Court cited *Tank Truck Rentals* and *Hoover* together as cases where the Court "upheld the disallowance of deductions claimed by the taxpayers for fines and penalties imposed upon them for violating state penal statutes." The Court reasoned that "to allow a deduction in those circumstances would have directly and substantially diluted the actual punishment imposed." In discussing *Hoover Express* in *Tellier* the Supreme Court did not refer to the statement that the violations could easily have been averted, and so far as we can determine it has never been cited by any court for the proposition that an expense which can be easily averted will never qualify as a "necessary" business expense. The court costs in the present case could have been as easily averted as the liquidated damages. Both grew out of the operation of overweight trucks. If such overweight operation could have been easily averted, and this were a valid reason for denying deductibility, the court costs should have been found non-deductible too.

A number of reported cases provide examples of easily averted expenses being allowed as necessary business deductions. This court approved the deductibility under a predecessor statute to § 162(a) of settlement payments and legal expenses of a taxpayer found guilty of civil fraud. *Caldwell v. Commissioner,* 234 F.2d 660 (6th Cir.1956) (per curiam). Obviously the taxpayer could easily have averted these expenses by merely refraining from defrauding the victims. Even more compelling is the holding in *Commissioner v. Tellier, supra,* where a securities dealer was permitted to deduct as ordinary and necessary business expenses the cost of unsuccessfully defending criminal charges of securities fraud, mail fraud and conspiracy. All of these expenses could have been easily averted by refraining from the illegal activities which led to the expenditures. *See also Commissioner v. Heininger, supra,* where legal expenses incurred in defending against business-related administrative charges of mail fraud were held deductible as ordinary and necessary. We conclude that the district court erroneously applied *Hoover Express.*

The Supreme Court has set out the proper approach when claimed deductions are denied by the IRS because the deducted expenses have some relation to violations of law by the taxpayer. A court should determine first whether the expenditures come within the literal requirements of § 162(a). This test is satisfied if the expenses are incurred in connection with a business and if they are ordinary and necessary. The significance of "ordinary" is to distinguish between capital expenditures which must be amortized if deductible at all and expenditures for current operations of the business. The "necessary" limitation imposes "only the minimal requirement that the expense be 'appropriate and helpful' for the development of the [taxpayer's] business." *Commissioner v. Tellier, supra,* 383 U.S. at 689, 86 S.Ct. at 1120, quoting *Welch v. Helvering,* 290 U.S. 111, 113, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933). If an expenditure falls within the general definition of § 162(a) it will be disallowed nonetheless if deductibility is prohibited by "specific legislation" or "a precise and longstanding Treasury Regulation prohibiting the deduction in a specified category of expenditures...." *Tellier,* 383 U.S. at 693, 86 S.Ct. at 1122. Justice Stewart, writing in *Tellier,* then went on to deal with one other "sharply limited and carefully defined category" where deductibility is denied for expenditures which fall within the general definition of § 162(a), that category delineated in *Heininger, Tank Truck Rentals* and *Hoover Express* where "the allowance of a deduction would 'frustrate sharply defined national or state policies proscribing particular types of conduct....'" *Id.* at 693–94, 86 S.Ct. at 1121–22, quoting from *Heininger.* As we note, *infra,* this last exception is no longer available to the Commissioner as it has been subsumed into "specific legislation."

It is clear that the liquidated damages paid by M–D satisfy the general requirements of § 162(a). They were incurred in carrying on M–D's business. They were current rather than capital expenditures and they were "appropriate and helpful" for the development of M–D's business. In fact, failure to pay the damages could have led to the banning of M–D's trucks from all Virginia highways. Virginia Code § 46.1–342(e) provides:

(e) Upon receipt of a copy of the judgment entered for such assessment and notification of the failure of such person to pay the amount assessed, together with the payment of cost of holding such vehicle under this section, the Division or the Department of State Police may thereafter deny the offending person the right to operate a motor vehicle or vehicles upon the highways of this State until such assessment has been paid.

Today we need not concern ourselves with the "limited and carefully defined" exception discussed in *Tellier.* The Tax Reform Act of 1969, in section 902(a) of Pub.L. 91–172, added a new provision to section 162 of the Internal Revenue Code:

(f) **Fines and Penalties,**—No deduction shall be allowed under subsection (a) for any fine or similar penalty paid to a government for the violation of any law.

26 U.S.C. § 162(f). The legislative history makes it clear that subsection (f) is a codification of the court-created [*Heininger*] rule discussed above. *See* S.Rep. No. 91–552, *reprinted in* [1969] 2 U.S.Code Cong. & Adm.News 1645, 2311–12. Further, section 1–162 of Treasury Regulations, promulgated in 1975, provides: "A deduction for an expense paid or incurred after December 30, 1969, which would otherwise be allowable under section 162 [of the Internal Revenue Code] shall not be denied on the grounds that allowance of such deduction would frustrate a sharply defined public policy." 26 C.F.R. § 1.162(a) (1982).

The question to be decided under existing law is whether the liquidated damages which M–D paid to Virginia are fines or similar penalties paid for violations of law, since Congress has adopted "specific legislation" disallowing deductions for such expenditures. *Tellier,* 383 U.S. at 693, 86 S.Ct. at 1121. Treasury Regulations § 1.162–21 deals with § 162(f) of the Code:

§ 1.162–21 **Fines and penalties.**

(a) *In general.* No deduction shall be allowed under section 162(a) for any fine or similar penalty paid to—

(a) The government of the United States, a State, a territory or possession of the United States, the District of Columbia, or the Commonwealth of Puerto Rico;

(2) The government of a foreign country; or

(3) A political subdivision of, or corporation or other entity serving as an agency or instrumentality of, any of the above.

(b) *Definition.* (1) for purposes of this section a fine or similar penalty includes an amount—

(i) Paid pursuant to conviction or a plea of guilty or *nolo contendere* for a crime (felony or misdemeanor) in a criminal proceeding;

(ii) Paid as a civil penalty imposed by Federal, State, or local law, including additions to tax and additional amounts and assessable penalties imposed by chapter 68 of the Internal Revenue Code of 1954;

(iii) Paid in settlement of the taxpayer's actual or potential liability for a fine or penalty (civil or criminal); or

(iv) Forfeited as collateral posted in connection with a proceeding which could result in imposition of such a fine or penalty.

(2) The amount of a fine or penalty does not include legal fees and related expenses paid or incurred in the defense of a prosecution or civil action arising from a violation of the law imposing the fine or civil penalty, nor court costs assessed against the taxpayer, or stenographic and printing charges. *Compensatory damages* (including damages under section 4A of the Clayton Act (15 U.S.C. 15a), as amended) *paid to a government do not constitute a fine or penalty.*

26 C.F.R. § 1.162–21 (1982) (Emphasis added). M–D argues that the liquidated damages are "compensatory damages" and therefore not fines or similar penalties under the regulations. The Commissioner contends, on the other hand, that the payments are fines or similar penalties.

██ As has been noted earlier Virginia imposes two separate sanctions for violations of its vehicle weight laws. Section 46.1–16 provides that a person convicted of a misdemeanor for violation of any provision of designated portions of the code establishing weight limits "for which no other penalty is provided" is to be punished by a fine or imprisonment or both. M–D paid a fine under this section each time it was convicted of violating the weight or load limits. It also paid liquidated damages for each violation. If the liquidated damages were another penalty, M–D would not have been subject to the fines under § 46.1–16; those punishments apply only to misdemeanors "for which no other penalty is provided." Thus the requirement that liquidated damages be paid is not a provision for another penalty, but a requirement that an additional payment of another sort be made.

An examination of the structure of the provision for liquidated damages indicates that they are compensatory in nature. The amount of liquidated damages in each case is determined by the degree to which the offending vehicle's weight exceeds the prescribed limit. Further, these damages are graduated so that the damages per pound of excess weight increase as the magnitude of the violation increases. Thus the liquidated damages are two cents per pound for each pound of excess weight when the excess is 5000 pounds or less and five cents per pound when the excess is more than 5000 pounds. This appears to reflect the known fact that damage to highways increases with added weight. Furthermore, § 46.1–342(a) provides in part:

Such assessment [of liquidated damages] shall be entered by the court as a judgment for the Commonwealth, the entry of which shall constitute a lien upon the overweight vehicle. Such sums shall be paid into court or collected by the attorney for the Commonwealth and forwarded to the State Treasurer and allocated to the fund appropriated for the construction and maintenance of State highways.

This language has the earmarks of a provision for civil compensatory damages. We recognize that the direction that payments made by convicted truckers be devoted to

road repair was found not to affect the nature of the expenditures in *Tank Truck Rentals v. Commissioner,* 356 U.S. at 37, 78 S.Ct. at 511. However, in that case Pennsylvania exacted only one payment for violation of its weight limits. That payment was a fine which was applied to road repairs. In the present case no deduction is claimed for the fines paid. They are explicitly excluded from deductibility by § 162(f). However, we conclude that the additional expenditures are to satisfy state charges which are compensatory in nature and qualify for deduction.

In most cases it is a question of fact whether expenditures qualify as ordinary and necessary business expenses. However, it is otherwise when the determination is based on a mistaken view of the law. *See Commissioner v. Heininger, supra,* 320 U.S. at 475, 64 S.Ct. at 254. In this case we conclude that the district court erred as a matter of law in holding that the liquidated damages do not qualify for deduction under § 162. Its finding that the expenses could have been easily averted was irrelevant to the issue of deductibility.

The judgment of the district court is reversed, and the case is remanded for entry of an appropriate judgment for the plaintiff.