**CAR–RON ASPHALT PAVING CO., INC., Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 83–1737.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 30, 1984.

Decided April 5, 1985.

* Honorable George Edwards took senior status

Michael J. Occhionero, Beachwood, Ohio, for petitioner-appellant.

Jonathan Cohen (argued), Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Terry L. Fredricks, Tax Div., Dept. of Justice, Joel Gerber, Acting Chief Counsel, I.R.S., Washington, D.C., for respondent-appellee.

Before EDWARDS * and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.

At issue in this case are deductions from federal corporate income tax on the part of Car-Ron Asphalt Paving Company in the amount of $87,987 in 1975 and $4,372 in 1976. These deductions were claimed because taxpayer Car-Ron had paid these sums as bribes ("kickbacks") to a vice-president of Forest City Enterprises named Nicholas Festa. Forest City was the general contractor responsible for construction of the Rolling Acres Mall in Akron, Ohio and Festa was a vice-president in charge of awarding all subcontracts. Petitioner succeeded in securing two of the subcontracts but in order to keep them, he agreed to pay for approximately $75,000 worth of work done on a residence owned by Festa with the payments being made directly to the subcontractors who worked on the Festa premises. An additional $12,000 was paid

January 15, 1985.

by the petitioner in the installing of a driveway at the same residence. Other smaller amounts were paid in 1976 in the sum of $3,500 and $872, similarly expended on construction of the residence. All of these items had been deducted from the 1975 and 1976 tax returns of the petitioner as "subcontractors" expenses.

It is petitioner's claim that he is entitled, contrary to the holding of the Tax Court, to these deductions because although these were bribes paid to secure the contracts referred to, such bribes were not crimes under the criminal law of the State of Ohio. The government, by brief and oral argument, concedes that the payments were not illegal under Ohio law. However, these transactions were not devoid of criminal conduct.

The Tax Court's findings of fact included the following:

On or about July 1, 1980, Nicholas C. Festa pleaded guilty in the United States District Court for the Northern District of Ohio, Eastern Division, No. CR80-45, to having failed to include in his income tax return for 1973 "additional taxable income in the amount of $26,500 which was earned from commissions and kickbacks he solicited from contractors of his employer." At the same time and in the same action Festa also pleaded guilty to having failed to include in his 1975 income tax return "additional taxable income in the amount of $326,940.75, which was earned from commissions and kickbacks he solicited from contractors of his employer." Upon the entry of the guilty pleas the Court, at the request of the United States Attorney, dismissed similar charges against Festa with respect to his income tax returns for 1976 and 1977.

No employee, officer, or other individual connected with Forest City Enterprises was aware during 1975 or 1976 that the petitioner was making payments to or for the benefit of Festa.

At the time of the trial, Mr. LaMarca the president of petitioner had no direct knowledge of the payment of any kickbacks in the paving industry in the locali-

ty of petitioner's activities other than those made by the petitioner to Festa but he had heard through general gossip that such payments were made and he had read in a local newspaper that Festa had been indicted for failing to pay income tax on kickbacks paid to him by four or five subcontractors at Rolling Acres other than the petitioner.

In his argument, appellant contends that we are required to reverse the Commissioner's decision in his case because of an opinion previously issued by a panel of this court entitled *Raymond Bertolini Trucking Co. v. Commissioner of Internal Revenue,* 736 F.2d 1120 (6th Cir.1984) which reversed the Tax Court's decision and found that the petitioner there involved was entitled to take similar deductions on the same rationale now urged on us by our current appellant.

*Bertolini,* however, is distinguishable in a controlling respect. There the kickbacks were conceded by the Commissioner to be "necessary" business expenses. Thus fulfilling one-half of the statutory requirements for business deductions. 26 U.S.C. § 162(a) provides that: "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." The court in *Bertolini* went on to hold that the payments in that case were "ordinary" as that term is understood in the context of the tax laws. *Id.* at 1124. The concession which the *Bertolini* panel had before them is not made before us in our instant case. In short, the Tax Court in the appeal before us, has held as a matter of fact that the payments made by Car-Ron were neither "ordinary" nor "necessary." *Bertolini* controls only the issue of whether the payments were "ordinary."

The Supreme Court has held that "necessary," as used in § 162, imposes "only the minimal requirement that the expense be 'appropriate and helpful' for the 'development of the [taxpayer's] business'" *Commissioner of Internal Revenue v. Tellier,* 383 U.S. 687, 689, 86 S.Ct. 1118, 1119, 16 L.Ed.2d 185 (1966) (quoting *Welch v. Hel-*

*vering,* 290 U.S. 111, 113, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933)). The payment of kickbacks by Car-Ron, in return for Festa's acceptance of its construction bid, cannot be said to be "appropriate" for its business. Neither were the payments "helpful." They in fact *cost* the business over $90,000, thus reducing the profits from the Rolling Acres Mall job.

The Tax Court in the instant case also found, as a matter of fact, that the kickbacks were not "necessary." Its opinion noted that Car-Ron, in its 13 years of existence, obtained almost all of its contracts without the payment of kickbacks. This includes 19 or 20 contracts with Forest City Enterprises. This finding is not clearly erroneous. *See Commissioner of Internal Revenue v. Duberstein,* 363 U.S. 278, 291, 80 S.Ct. 1190, 1199, 4 L.Ed.2d 1218 (1960).

> Where the trial has been by a judge without a jury, the judge's findings must stand unless "clearly erroneous." Fed. Rules Civ.Proc. 52(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 [68 S.Ct. 525, 542, 92 L.Ed. 746]. The rule itself applies also to factual inferences from undisputed basic facts, *id.,* at 394 [68 S.Ct. at 541] as will on many occasions be presented in this area. Cf. *Graver Tank & Mfg. Co. v. Linde Air Products Co.,* 339 U.S. 605, 609–610 [70 S.Ct. 854, 856–857, 94 L.Ed. 1097]. And Congress has in the most explicit terms attached the identical weight to the findings of the Tax Court. I.R.C., § 7482(a).

*Id.* (Footnote omitted).

The conclusion that the payments were not "necessary" under § 162(a) in no way impinges upon, or overrules, the holding of this court in *Bertolini. Bertolini* addressed solely the question of "ordinary" and this court addresses solely the question of "necessary."

It appears to be the case that Ohio has no statute which squarely prohibits, by criminal sanctions, what was done here. At the very least, however, such payments are fraudulent in relation to corporate entities involved. We do not find either legal excuse or virtue in the fact that appellant refused to make the payments demanded by Festa in cash directly to Festa but did make them to the subcontractors who were building Festa's house. In most states (although not in Ohio), such payments would make the one paying as well as the one receiving such bribes liable for violation of state criminal law. Festa has been sentenced for receiving these very payments and not reporting them as income.

The United States Courts should never construe general language in tax statutes in a manner which rewards graft and corruption, albeit graft and corruption in private business. Such a construction burdens the economy unnecessarily and tends to promote dishonesty generally and specifically in commerce.

The judgment of the Tax Court is affirmed.

NATHANIEL R. JONES, Circuit Judge, dissenting.

With due respect for the views of my esteemed colleagues, I am compelled to dissent. My views are straightforward. The issue in this case is whether legal kickback payments by Car-Ron Asphalt Paving Company are deductible under I.R.C. § 162(a) as "ordinary and necessary" business expenses. In *Raymond Bertolini Trucking Co. v. Commissioner,* 736 F.2d 1120 (6th Cir.1984), this Court reversed the Tax Court when it applied an erroneous legal standard to disallow legal kickback payments. Under virtually identical facts, this Court held that such payments were "ordinary" business expenses and properly deductible. *Id.* at 1125. The majority acknowledges that *Bertolini* controls our consideration of whether legal kickback payments are deductible as "ordinary." It affirms, however, as not clearly erroneous, the Tax Court's conclusion that the pay-

ments were not "necessary" expenses. The Tax Court arrived at this conclusion by committing the reversible legal error of defining "necessary" expenses to include only "essential" expenses.

The proper question is whether Car-Ron's legal kickback payments were "appropriate and helpful" for developing its business. The Supreme Court has consistently construed "necessary" as imposing "only the minimal requirement that the expense be 'appropriate and helpful' for the 'development of the [taxpayer's] business.'" *Commissioner v. Tellier*, 383 U.S. 687, 689, 86 S.Ct. 1118, 1119, 16 L.Ed.2d 185 (1966) (brackets in original) (citing *Welch v. Helvering*, 290 U.S. 111, 113, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933)); *Mason & Dixon Lines, Inc.*, 708 F.2d 1043, 1046 (6th Cir.1983). Rather than apply this minimal standard, the Tax Court merely demonstrated that Car-Ron's legal kickback payments were not essential to its business.

Car-Ron received two contracts worth approximately $1,000,000 only by paying $92,000 in legal kickbacks to Nicholas Festa, who controlled the bidding process. Car-Ron's president testified that he believed that executing the contracts could lead to further business by enhancing the company's reputation. The legal kickback payments were both "appropriate and helpful" for the development of Car-Ron as a business. Courts should be "slow to override his [the taxpayer's] judgment" of whether expenses are "appropriate and helpful." *Welch v. Helvering*, 290 U.S. 111, 113, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933).

The majority purports to apply the "appropriate and helpful" standard to the facts of this case. The majority determines as a matter of fact that the legal kickback payments were not "helpful" because the payments reduced Car-Ron's profits by $90,000. Yet, the Tax Court's findings of fact reveal that Car-Ron would not have received approximately $1,000,000 in contracts without the legal kickback payments. The majority also finds that Car-Ron's legal kickback payments were not "appropriate." This finding, unsupported

by either precedent or reasoning, disregards the substance of I.R.C. § 162(c), which expressly prohibits the deduction of illegal kickback payments. The majority does not distinguish the kickbacks in this case from any other legal kickbacks. Although the majority characterizes its holding as a finding of fact, this interpretation of the threshold requirement of "ordinary and necessary", effectively renders I.R.C. § 162(c) superfluous.

Despite the majority's understandable expression of moral indignation, Car-Ron's kickback payments were legal under Ohio law. This Court has stated that "Congress has written the tax laws so as to allow deductions for such costs [legal kickback payments] so long as the payments made are within the bounds of federal and state law." *Bertolini*, 736 F.2d at 1125. The majority warns that dishonesty results from construing tax statutes to reward graft and corruption. Tax law, however, is morally neutral and should not be used as "a sanction against wrongdoing." *Tellier*, 383 U.S. at 691, 86 S.Ct. at 1120. Further, even if the majority's concern were appropriate, deduction of legal kickback payments does not encourage dishonesty. Here, as in *Bertolini*, legitimate deductions for legal kickback payments revealed Festa's income tax evasion and led to his conviction for tax fraud.

Car-Ron's legal kickback payments are deductible under I.R.C. § 162(a) as "ordinary and necessary" business expenses. Under this Court's holding in *Bertolini*, these payments were "ordinary." The Tax Court's findings establish that the payments were "necessary" for Car-Ron's receipt of the contracts. For these reasons, I respectfully dissent.