T.C. Memo. 1999-272

UNITED STATES TAX COURT

DONALD JOHN VITALE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4655-97.                    Filed August 12, 1999.

Donald John Vitale, pro se.

<u>Richard A. Stone</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency in petitioner's 1994 Federal income tax in the amount of $2,006.  The sole issue is the fair market value in 1972 of a bronze statue attributed to

---

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

James Earl Fraser.  Petitioner resided in Colesville, Maryland, when the petition was filed in this case.

The facts may be summarized as follows.  Petitioner's home was burglarized some time between January 24-29, 1994.  Among the items stolen was an 18-inch bronze sculpture (the bronze) known as "The End of the Trail" attributed to James Earl Fraser, a noted American artist (1876-1953).  Petitioner had acquired the bronze from his father in 1974 by inter vivos gift.  In turn, the father had acquired the bronze from petitioner's grandfather at the grandfather's death in 1972.  The grandfather presumably purchased the bronze sometime around 1920.  Petitioner is unaware whether a gift tax return was filed in 1974 for the gift.

There were several versions of "The End of the Trail" produced by Fraser around 1918.  The largest version was never cast; the plaster version, however, is at the Cowboy Hall of Fame in Oklahoma City.  Fraser did not copyright some versions of "The End of the Trail", and there were various copies made almost from the date of the original release.  While petitioner believes that the bronze he acquired was an original, he does not know which version he had or, indeed, whether the bronze, in fact, was an original Fraser or an old copy.

The parties have been unable to find any sales of 18-inch bronzes of "The End of the Trail" around 1972.  There have been three sales of 12-inch versions:  1971 for $3,250; 1972 for

$3,250; and 1976 for $4,000. Larger versions have also been sold: 32-inch in 1980 for $47,000, and 44-inch in 1975 for $42,500.

On his 1994 Federal income tax return petitioner claimed a casualty loss in the amount of $25,000 based on the theft of the bronze. The value is based on a letter petitioner received from Rudolf G. Wunderlich of Chicago who operates a gallery that specializes in Fraser's works. The letter reads, in part, as follows:

> Fraser's bronzes were much copied as he had forgotten to put the copyright on one, so they were more or less in public domain from the time when they were first cast in 1918. There were knock-offs even in the early days of these and it is difficult to tell, in fact it is impossible to tell from your photograph, what this actually was. An eighteen inch Fraser of this type, if it is an original, probably has a value of around $25,000 or so. If it is one of the later ones, produced by The Syracuse University, then the value would be about half that.
>
> I cannot tell from this whether it is an original cast or not * * *.

Petitioner never had the bronze appraised and does not know whether the bronze was included in his grandfather's estate tax return. There is no evidence that any appraisal of the bronze was made in 1972.

Respondent disallowed the deduction in its entirety.

## Discussion

Section 165(a) generally provides that "There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise." In the case of an individual taxpayer, a loss deduction is limited to, inter alia, a loss from theft. See sec. 165(c)(3). The deduction is further limited by section 165(h). The amount of the deduction, before the section 165(h) limitations, is the lesser of the fair market value immediately before the theft or the basis (or cost) of the property. See sec. 1.165-7(b)(1), Income Tax Regs.; see also Helvering v. Owens, 305 U.S. 468 (1939). Even if we assume that the fair market value of petitioner's bronze immediately before the theft was $25,000, petitioner is still faced with establishing his basis in the bronze.

Petitioner acquired the bronze by gift from his father, and generally his basis is the same as his father's basis increased by the amount of any gift tax paid. See sec. 1015(a), (d).[2] If, however, at the date of the gift, the fair market value was less than the father's basis then petitioner's basis would be the fair market value. See sec. 1015(a).[3] Petitioner's father acquired

---

[2] There is no evidence that any gift tax was paid.

[3] Sec. 1015(a) also provides that

If the facts necessary to determine the basis in the hands of the donor * * * are unknown to the donee, the Secretary
(continued...)

the bronze from petitioner's grandfather at the latter's death in 1972, and the father's basis would be the fair market value of the bronze at the grandfather's date of death.  See sec. 1014(a).  There is no suggestion that the fair market value on the date of the gift was less than the fair market value on the date of the father's death.  The issue turns, therefore, on the fair market value of the bronze in 1972.  See United States v. Lattimore, 353 F.2d 379 (9th Cir. 1965).

We are faced with a difficult task.  On one hand, we could simply hold that petitioner has not established the value of the

_____

(...continued)
> shall, if possible, obtain such facts from such donor * * * or any other person cognizant thereof.  If the Secretary finds it impossible to obtain such facts, the basis in the hands of such donor * * * shall be the fair market value of such property as found by the Secretary as of the date or approximate date at which, according to the best information that the Secretary is able to obtain, such property was acquired by such donor * * *.

The notice of deficiency states that petitioner had "not established the fair market value or that * * * [his] basis in this property is more than $0.00".  It is unclear whether the failure was due to the uncertainty as to the appropriate valuation date or to the lack of information concerning the fair market value as of that date.  Neither party has argued that these provisions apply.  We note that the Court of Appeals for the Sixth Circuit held:  "In the event that insufficient probative evidence upon this issue [of the taxpayer's basis] is adduced, then neither gain not [sic] loss can be allowed".  James E. Caldwell & Co. v. Commissioner, 234 F.2d 660, 661 (6th Cir. 1956), revg. and remanding per curiam 24 T.C. 597 (1955).  Here, the valuation date has been established.  The uncertainty concerns the value as of the valuation date, and we believe that there is sufficient evidence to allow us to make a finding as to that value.

bronze in 1972.  See Rule 142(a).  But, we are convinced that petitioner owned an 18-inch bronze of "The End of the Trail" and that the bronze did have value in 1972.  We, therefore, attempt to obtain a value bearing in mind that petitioner does have the burden of proof, and, to paraphrase Judge L. Hand, since absolute certainty is impossible we weigh the facts heavily against petitioner "whose inexactitude is of his own making."  See <u>Cohan v. Commissioner</u>, 39 F.2d 540, 544 (2d Cir. 1930); <u>Clem v. Commissioner</u>, T.C. Memo. 1991-414.

Neither party presented any evidence as to the 1972 value of the 18-inch version.  Two 12-inch versions of "The End of the Trail" were sold in 1971 and 1972 for $3,250.  The larger versions appear to have been somewhat more valuable.  Petitioner would have us extrapolate the value from sales, not surprisingly, of pieces 32 inches or larger.  But, there is no basis in this record for making such a correlation.  The 1971 and 1972 sales have more probative value in our view.  Using our best judgment, we find that the 1972 fair market value of the 18-inch bronze was $4,000.

<u>Decision will be entered under Rule 155</u>.