ROMANER J. STRONG, JR. AND BILLIE R. STRONG, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Strong v. Commissioner
Docket No. 8861-90
United States Tax Court
T.C. Memo 1994-346; 1994 Tax Ct. Memo LEXIS 358; 68 T.C.M. (CCH) 203; July 26, 1994, Filed *358 Decision will be entered under Rule 155. Romaner J. Strong, Jr., pro se. For respondent: Lin Murphy. WRIGHT
WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined a $ 20,844 deficiency in petitioners' Federal income tax for taxable year 1985. Respondent also determined an addition to tax for failure to timely file under section 6651[1] in the amount of $ 2,309, an addition to tax for negligence under section 6653(a)(1) in the amount of $ 2,776, an addition to tax under section 6653(a)(2) for 50 percent of the interest due on $ 20,844, and an addition to tax for a substantial understatement of income tax under section 6661 in the amount of $ 5,210. After concessions, the issues remaining for consideration are: (1) Whether petitioners are entitled to deductions claimed on Schedule C, *359 in excess of the amount allowed by respondent. We hold that they are to the extent stated herein. (2) Whether petitioners are entitled to a deduction for charitable contributions in excess of the amount allowed by respondent. We hold that they are to the extent stated herein. (3) Whether petitioners may exclude from income $ 70,000 received from the Saudi Arabian Educational Mission under section 104(a)(2). We hold that they may not. (4) Whether petitioners are subject to an addition to tax for failure to timely file their 1985 income tax return under section 6651(a)(1). We hold that they are. (5) Whether petitioners are subject to additions to tax for negligence under section 6653(a)(1) and (2). We hold that they are. (6) Whether petitioners are subject to an addition to tax for a substantial understatement of income tax under section 6661. We hold that they are. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein. Petitioners resided in Carmel Valley, California, at the time the petition was filed. All references to petitioner in the singular are to Romaner J. Strong, *360 Jr. Petitioners filed a joint Federal income tax return for taxable year 1985 on November 17, 1986. On October 19, 1988, petitioners filed an amended return for taxable year 1985. During 1985, petitioner was engaged in the private practice of law in Houston, Texas. Petitioner Billie R. Strong (Mrs. Strong) worked as a paralegal for both the law firm of Campbell & Riggs and petitioner. Petitioner and Mrs. Strong each attached a separate Schedule C to their 1985 income tax return. Petitioner's Schedule C reflects gross receipts in the amount of $ 145,000 and deductions claimed in the amount of $ 42,952.36. Mrs. Strong's Schedule C reflects gross receipts in the amount of $ 11,547 and deductions claimed in the amount of $ 9,541.42. Schedule C Deductions
Respondent disallowed $ 36,521 and $ 6,526 of deductions claimed on petitioner's and Mrs. Strong's Schedules C, respectively. The following claimed deductions remain in dispute with respect to petitioner's Schedule C: Item
Amount
Depreciation
$ 1,000
Legal services
6,561
Office expense
1,228
Total  8,789
As support for the legal services claimed deduction, petitioners presented canceled checks totaling *361 $ 900 representing clothing purchases. Charitable Contributions
On Schedule A of their 1985 income tax return, petitioners claimed a deduction for charitable contributions in the amount of $ 4,000. The following donations remain in dispute: Donee
Amount
Elijah Muhammad Foundation
$ 2,500
Goodwill
485
Total  2,985
As support for the claimed charitable contribution deductions, petitioners presented a canceled check payable to the "Elijah Muhammad Foundation" in the amount of $ 2,500. Gross Income Exclusion Under Section 104(a)(2)
From 1979 to 1983, petitioner performed legal services for the Saudi Arabian Educational Mission (Saudi Mission). His primary responsibility consisted of traveling throughout the United States to assist Saudi students in need of legal counsel. During 1985, a dispute arose between petitioner and the Saudi Mission. On July 19, 1985, petitioner filed a complaint, Civil Action No. H-85-4208, with the U.S. District Court for the Southern District of Texas naming the Saudi Mission, et al., as defendants. The complaint states three causes of action: (1) Breach of a commercial contract by the Saudi Mission; (2) breach of a commercial *362 attorney/client contract by the Saudi Mission; and (3) violation of petitioner's civil rights by the Saudi Mission under the Civil Rights Act of 1866, 42 U.S.C. secs. 1981, 1983, 1985(3), 1986, and 1988, and the Fifth, Thirteenth, and Fourteenth Amendments to the U.S. Constitution. Petitioner sought to recover $ 567,873.20 for each cause of action, plus $ 5,678,832 as punitive damages with respect to the civil rights claim. On September 24, 1985, the Saudi Mission filed an answer denying the allegations in the complaint. On October 31, 1985, the case was dismissed with prejudice based on the Settlement Agreement Release and Compromise of Litigation Claims and Causes of Action (settlement agreement) executed by the parties on October 25, 1985. Generally, the settlement agreement required the Saudi Mission to pay petitioner $ 140,000 in exchange for petitioner's release of all claims against the Saudi Mission. Petitioner received two checks, each in the amount of $ 70,000. Petitioners included the entire $ 140,000 on petitioner's Schedule C. Petitioners subsequently filed a claim for refund on Form 1040-X, Amended U.S. Individual Income Tax *363 Return, to recover income tax paid on $ 70,000. Respondent denied the claim for refund. OPINION Issue 1. Petitioner's Schedule C Deductions
Deductions are a matter of legislative grace. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioners bear the burden of establishing that they are entitled to the claimed deductions. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). A taxpayer must substantiate the amounts that give rise to the claimed deductions, and if he does not, the Commissioner is not acting arbitrarily or unreasonably in denying the deductions. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Depreciation. Petitioner claimed a depreciation deduction in the amount of $ 1,000 for office furniture used in his law office. Petitioner claims that he purchased $ 3,000 of office furniture in 1984, which he used exclusively in his law office. Petitioner testified that he used a 3-year straight-line method with a 3-year useful life and no salvage value to depreciate his *364 office furniture; however, he did not provide a depreciation schedule with the tax return. Petitioner also testified that depreciation in 1985 was exactly the same as depreciation in 1984, which he claims was allowed by respondent. Respondent contends that petitioners are not entitled to depreciation deductions because they have failed to establish their basis in the property. The record contains no evidence of petitioners' basis in the office furniture. Petitioners failed to prove the purchase date or purchase price of any of the furniture. Accordingly, we hold that petitioners are not entitled to a depreciation deduction with respect to the office furniture. Legal Services. Petitioner claimed a deduction for legal services in the amount of $ 20,568. Respondent disallowed the entire amount. Of this amount, $ 6,561 remains in dispute. The disputed amount is comprised of $ 900 for clothing purchases and $ 5,661 which petitioner claims he paid to various people to investigate his dispute with the Saudi Mission. With respect to the clothing purchases, petitioner testified that while he was practicing law in Houston, Texas, attorneys were required to wear dark suits to court, *365 regardless of the heat and humidity during the summer months. According to petitioner, the intense heat and humidity forced him to clean his suits often, which deteriorated the material. Consequently, petitioner argues that he should be allowed to deduct the amounts paid for his suits as legal services expense. While section 262 provides that personal expenses are generally not deductible, section 162 authorizes the deduction of ordinary and necessary business expenses. The deductibility of petitioner's work clothing expenses is a question of fact which requires that we reconcile the provisions of these two sections. See, e.g., Hynes v. Commissioner, 74 T.C. 1266, 1289 (1980). On this record we find that the suits petitioner wore to work were suitable for ordinary wear. We have consistently held that the expense of purchasing and laundering such clothing is a personal expense and not deductible. Barone v. Commissioner, 85 T.C. 462, 469 (1985), affd. without unpublished opinion 807 F.2d 177 (9th Cir. 1986); Hynes v. Commissioner, supra at 1290; Donnelly v. Commissioner, 28 T.C. 1278, 1280 (1957), *366 affd. 262 F.2d 411 (2d Cir. 1959); Egner v. Commissioner, T.C. Memo. 1984-473; Busking v. Commissioner, T.C. Memo. 1978-415. Accordingly, we hold that petitioners are not entitled to deduct expenses relating to the purchase of petitioner's clothing. With respect to the amount petitioner paid to various people to investigate his dispute with the Saudi Mission, no evidence was submitted at trial to substantiate petitioner's entitlement to a deduction for this amount. Taxpayers are required to maintain records that are sufficient to substantiate claimed deductions. Sec. 6001. Petitioners have failed to maintain adequate records, and therefore they have not satisfied their burden of proof. Accordingly, we hold that petitioner is not allowed a deduction for amounts allegedly paid to investigate his dispute with the Saudi Mission. Office Expenses. Petitioner claimed a deduction for office expenses in the amount of $ 8,843.22. Respondent disallowed the entire amount. Of this amount, $ 1,228 remains in dispute. The disputed amount comprises $ 828 related to petitioner's use of a 169-square-foot *367 room in his home as a home office, $ 200 for amounts petitioner paid for pastries served to his clients, and $ 200 for postage. Section 280A provides, as a general rule, that no deduction otherwise allowable shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. Section 280A(c)(1) provides an exception to the general rule of nondeductibility. The exception permits a taxpayer to deduct expenses allocable to that portion of the residence which is exclusively used on a regular basis: (1) As the taxpayer's principal place of business; (2) as the place where the taxpayer meets with clients in the normal course of business; or (3) in the case of an unattached separate structure, in connection with the taxpayer's business. Sec. 280A(c)(1); Commissioner v. Soliman, 506 U.S.    , 113 S. Ct. 701 (1993). In order to deduct home office expenses under section 280A, the taxpayer must first prove that a specific portion of his residence was used exclusively for one of the three aforementioned purposes. Commissioner v. Soliman, 506 U.S. at    , 113 S. Ct. at 705. After the *368 taxpayer passes this exclusivity threshold, the taxpayer must prove that his home office was used regularly for one of the three enumerated purposes. Sec. 280A(c)(1). If, for example, the taxpayer claims that he used his home office to regularly meet with clients, the taxpayer must show that his clients actually visited his home office. Sec. 280A(c)(1)(B); Green v. Commissioner, 707 F.2d 404, 407 (9th Cir. 1983), revg. 78 T.C 428 (1982). Section 280A imposes a strict standard for obtaining a home office expense deduction. Other than petitioner's self-serving testimony, petitioners offered no evidence to establish how their home was used in petitioner's business. Petitioner did not testify regarding the exclusivity threshold. Unlike the taxpayer in Soliman, petitioners did not show that a spare room in their residence was used exclusively as a home office. Commissioner v. Soliman, 506 U.S. at    , 113 S. Ct. at 706. Because petitioners failed to prove that any portion of their residence was used exclusively for business purposes, they have failed to meet the threshold requirement for deductibility under section *369 280A; therefore, we find that petitioners did not have a home office within the meaning of section 280A(c)(1). Accordingly, we hold that petitioners are not entitled to a deduction under section 162 for home office expense. With respect to the amount petitioner paid for pastries served to his clients, no evidence was submitted at trial to substantiate petitioner's entitlement to a deduction for this amount. As previously stated, taxpayers are required to maintain records that are sufficient to substantiate claimed deductions. Sec. 6001. Petitioners have failed to maintain adequate records, and therefore they have not satisfied their burden of proof. Accordingly, we hold that petitioner is not allowed a deduction for amounts allegedly paid for pastries served to his clients. Petitioners also failed to present any evidence with respect to the amounts petitioner paid for postage. Nevertheless, under certain circumstances, where a taxpayer establishes his or her entitlement to a deduction, but does not establish the amount of that deduction, we are permitted to estimate the amount allowable. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930); see *370 Cinelli v. Commissioner, 502 F.2d 695, 699 (6th Cir. 1974), affg. T.C. Memo. 1973-140. There must be sufficient evidence in the record, however, to permit us to conclude that deductible expenses were incurred in at least the amount we allow. Otherwise, "relief to the taxpayer would be unguided largesse". Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); see Luman v. Commissioner, 79 T.C. 846, 859 (1982). Petitioner stated that it was customary in his law practice to serve all court papers by U.S. mail, certified, return receipt requested. We accept this statement as true and conclude that petitioner has established that he is entitled to a deduction for postage. Although petitioner has not established the amount of the allowable deduction, we further conclude that $ 200 is a reasonable estimate. Accordingly, we hold that petitioner is entitled to a deduction for postage used in his law practice in the amount of $ 200. Issue 2. Charitable Contributions
On Schedule A of their 1985 income tax return petitioners claimed a deduction for a charitable *371 contribution to the Elijah Muhammad Foundation in the amount of $ 2,500. As support for the donation, petitioners presented a canceled check payable to the "Elijah Muhammad Foundation" in the amount of $ 2,500. Section 170 generally allows deductions for charitable contributions where taxpayers can prove that the contributions were made to a qualified tax-exempt organization. Sec. 170(a), (c); Svedahl v. Commissioner, 89 T.C. 245, 251 (1987). The Internal Revenue Service (IRS) has published a list of organizations which are qualified tax-exempt organizations. IRS Publication No. 78, Cumulative List of Organizations (1985). Respondent contends that the Elijah Muhammad Foundation is not a qualified tax-exempt organization. We have examined Publication No. 78, however, and found that the Elijah Muhammad Foundation is among the organizations listed. Id. at 776. Accordingly, we hold that petitioners may deduct the $ 2,500 donation to the Elijah Muhammad Foundation. Petitioners also claimed a deduction for property donated to Goodwill in the amount of $ 485. A taxpayer who makes a charitable contribution of property other than money in a taxable *372 year beginning after December 31, 1982, must maintain a receipt for each contribution from the donee showing (1) the name of the donee, (2) the date and location of the contribution, and (3) a detailed description of the property donated. Sec. 1.170A-13(b)(1), Income Tax Regs. Petitioners have offered no evidence to substantiate the donations to Goodwill. Accordingly, we hold that petitioners are not entitled to deduct $ 485 for alleged property donations to Goodwill. Issue 3. Gross Income Exclusion Under Section 104(a)(2)
On October 25, 1985, petitioner received two checks, each in the amount of $ 70,000, in settlement of a lawsuit against the Saudi Mission. Petitioner seeks to exclude one of the checks from gross income under the provisions of section 104(a)(2). Section 61 provides that gross income includes "all income from whatever source derived". Section 104(a)(2), however, states that gross income does not include the "amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness". The term "damages received" on account of personal injuries or sickness means an amount *373 received through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of prosecution. United States v. Burke, 504 U.S.    , 112 S. Ct. 1867, 1870 (1992); Horton v. Commissioner, 100 T.C. 93, 97 (1993); sec. 1.104-1(c), Income Tax Regs.
Where there is a settlement agreement, we look to the nature of the claim underlying the payment to the taxpayer, rather than the validity of the claim, to determine whether payments are on account of a tortlike personal injury. United States v. Burke, 504 U.S. at    , 112 S. Ct. at 1872. Such a determination is factual and is generally made by reference to the settlement agreement. Stocks v. Commissioner, 98 T.C. 1, 10-11 (1992). If the settlement agreement lacks express language stating what the settlement amount was paid to settle, then the most important factor in determining an exclusion under section 104(a)(2) is the "intent of the payor" as to the purpose in making the settlement. Knuckles v. Commissioner, 349 F.2d 610, 613 (10th Cir. 1965), *374 affg. T.C. Memo. 1964-33; Stocks v. Commissioner, supra at 10. With respect to the instant case, the settlement agreement does not specify the Saudi Mission's purpose in making the settlement. The settlement agreement reads in part as follows: 3. Releases. (a) In consideration of the execution of this Agreement * * * including the payment and receipt of the $ 140,000 * * *, Strong [petitioner] does hereby release, acquit and forever discharge [the Saudi Mission] * * *, from any and all claims, demands and causes of action for damages or any other relief whether or not known, at law or in equity, of whatever nature * * *, including * * * [those] arising out of Civil Action No. H-85-4208 * * *.
In paragraph 3(b) of the settlement agreement, the same language as in paragraph 3(a) is used to release petitioner from any and all claims of the Saudi Mission against him. Consequently, we cannot determine the Saudi Mission's purpose in making the settlement from this generally broad language. Petitioner argues that because the Saudi Mission issued two checks to petitioner, it is clear that one check was to settle *375 the contract claims and the second was to settle the civil rights claim. We disagree. With respect to the checks, the settlement agreement merely states as follows: 4. Checks. The Kingdom of Saudi Arabia, * * *, has caused to be paid to Strong $ 140,000 in the form of two (2) certified, cashier's or treasurer's checks in the amounts of $ 70,000 each * * *.
Furthermore, the checks themselves provide no indication as to the purpose of the settlement. The notation on each check states: "Settlement Agreement Civil Action No. H-85-4208." We therefore cannot conclude that any portion of the settlement proceeds was received on account of personal injuries as a result of a violation of petitioner's civil rights. Accordingly, we hold that petitioner is not entitled to exclude $ 70,000 from gross income under section 104(a)(2). Issue 4. Section 6651(a) Addition to Tax for Failure To File
Section 6651(a) imposes an addition to tax for failure to file a tax return or to pay any tax owing by the applicable due date, unless it is shown that such failure is due to reasonable cause and not willful neglect. Petitioners bear the burden of proving that their failure to file *376 a timely return was due to reasonable cause and not willful neglect. Rule 142(a); Neubecker v. Commissioner, 65 T.C. 577, 586 (1975). The parties stipulate that petitioners filed their return for taxable year 1985 on November 17, 1986. Petitioners' return was due on April 15, 1986. Petitioners offered no evidence that their failure to timely file a return was due to reasonable cause and not willful neglect. Petitioner testified that two extension requests were filed; however, neither request was offered into evidence. Accordingly, we find that petitioners are subject to the addition to tax under section 6651(a) for taxable year 1985. Issue 5. Section 6653(a) Addition to Tax for Negligence
Respondent also asserted that petitioners' underpayment of income taxes was due to negligence or intentional disregard of rules or regulations and determined an addition to tax for negligence under section 6653(a)(1) and (2). Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence or intentional disregard of rules or regulations, and section 6653(a)(2) imposes *377 an addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985); see Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982). Negligence is measured by an objective standard. Howard v. Commissioner, 931 F.2d 578, 582 (9th Cir. 1991), affg. T.C. Memo. 1988-531. Respondent's determination of negligence is presumed correct, and petitioner bears the burden of proving otherwise. Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337; Bixby v. Commissioner, 58 T.C. 757, 791 (1972). Petitioners presented no evidence that the underpayment of tax for the years in issue was not due to negligence or intentional disregard of rules or regulations. Accordingly, *378 we find that petitioners are subject to the additions to tax for negligence. Issue 6. Section 6661 Substantial Understatement Addition to Tax
Section 6661(a) provides for an addition to tax on underpayments attributable to a substantial understatement of income tax. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). Petitioners had a substantial understatement for taxable year 1985. The section 6661 addition to tax is not applicable, however, if there was substantial authority for the taxpayer's treatment of the item in issue or if the relevant facts relating to the tax treatment were adequately disclosed on the return. Petitioners offered no evidence to demonstrate that there is substantial authority for the treatment of the items in controversy on their income tax return or that the treatment of the items was adequately disclosed. Accordingly, we find that petitioners are subject to the addition to tax under section 6661 for taxable year 1985, to the extent applicable. *379 To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩