EDWARD BARONE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 19258–84.     Filed September 17, 1985.

Edward Barone, pro se.
*Anne W. Durning,* for the respondent.

GOFFE, *Judge*: The Commissioner determined a deficiency in petitioner's Federal income tax for the taxable year 1981 in the amount of $529.

Petitioner Edward Barone timely filed his Federal income tax return for the taxable year 1981 with the Internal Revenue Service Center in Ogden, Utah. Petitioner resided in Mesa, Arizona, at the time the petition was filed in this case.

After concessions by the parties, the only issues left for decision are: (1) Whether petitioner maintained a "tax home" during the taxable year 1981 and is, therefore, entitled to claimed travel expense deductions under section 162;[1] (2) whether petitioner may deduct fines resulting from violations with which he was charged while operating his truck; (3) whether petitioner may deduct an amount withheld from his paycheck in order to pay a fine resulting from a violation with which he was not charged; (4) whether petitioner is entitled to a claimed deduction for a mattress and sheets he bought for his truck; and (5) whether petitioner may deduct the cost of tennis shoes he wore while driving his truck.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference.

Petitioner was the owner-operator of a Peterbilt tractor and was engaged exclusively in pulling tractor trailers in interstate driving for Interstate Contract Carrier Corp. (ICCC) with a home terminal located in Phoenix, Arizona, during the taxable year in issue.

When petitioner was on the road, he either stayed in a motel or slept in the sleeping compartment of the cab. When petitioner was between trips or in the Phoenix area, he stayed at his parent's residence in Mesa, Arizona.

During the taxable year 1981, petitioner had eight trips which originated or terminated in the vicinity of Phoenix, Arizona, and was on the road for 227 days and at his parents' residence for 138 days.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

While staying at his parents' house, petitioner had the use of his own bedroom, bathroom, and telephone. In addition to paying his share of the electric and phone bills, he paid his mother $1 per day when he was on the road and $2 per day when he was actually at the Mesa residence, e.g., if he was at his parents' home for 15 out of 30 days, petitioner paid his mother $45.

On June 11, 1981, following an inspection of the truck Mr. Barone was driving, the Virginia State Corporation Commission charged ICCC with a violation of rule 5 of the Virginia State Corporation Commission's Rules and Regulations Governing the Operation of Motor Vehicles Under Lease (1973).[2] The violation resulted from an inadequate lease that ICCC had given petitioner. Rather than contest the charge, ICCC paid the $200 fine. ICCC then withheld $200 from petitioner's paycheck without his consent.

Of the items disallowed by the Commissioner and still in issue, petitioner claimed the following deductions on his Federal income tax return for the taxable year 1981: travel expenses of $380 for lodging, $4,380 for food, and $90 for laundry. Under the heading "clothing expenses" petitioner claimed as a deduction the following: a pair of $20 Nike tennis shoes that he wore while driving, $97 for a mattress and sheets for the cab of his tractor, and $296 for showers he took while traveling on the road.

Petitioner also claimed a deduction for "violations" in the aggregate amount of $578. Of this amount, $378 represents fines petitioner paid for violations with which he was charged while operating his truck. The remaining $200 represents the amount ICCC withheld from petitioner's paycheck in order to pay ICCC's rule 5 violation penalty.

---

[2]RULE 5

No road tractor, tractor truck, truck, or passenger carrying vehicle having more than 2 axles shall be operated in interstate commerce to, through, or from Virginia under lease or sublease unless there is on board such vehicle a copy of the lease and sublease. Such lease and sublease shall either be in accord with the provisions of the form required by the State Corporation Commission or in accord with the regulations of the Interstate Commerce Commission. A motor vehicle may be operated upon Virginia highways with a State Corporation Commission registration card in lieu of such lease or sublease provided that the parties to the lease are properly identified on the registration card.

OPINION

The first issue for decision is whether petitioner maintained a "tax home" during the taxable year in issue entitling him to deductions for travel expenses under section 162.

Section 162(a)(2) allows a deduction for "traveling expenses * * * while away from home in the pursuit of a trade or business." To qualify for this deduction, three conditions must be met: (1) The expenses must be ordinary and necessary; (2) the expenses must have been incurred while petitioner was "away from home;" and (3) petitioner must have incurred the expenses in pursuit of a trade or business. *Commissioner v. Flowers*, 326 U.S. 465 (1946), rehearing denied 326 U.S. 812 (1946); *Cockrell v. Commissioner*, 321 F.2d 504, 507 (8th Cir. 1963), affg. 38 T.C. 470 (1962). Respondent does not argue that petitioner has failed to satisfy the first and third tests of *Flowers*. The issue is whether petitioner was "away from home" when he incurred the expenses.

It is somewhat tautological to state that in order to be "away from home," one must have a "home" to be "away from." As a general rule, a taxpayer's principal place of business is his "tax home." *Kroll v. Commissioner*, 49 T.C. 557, 562 (1968). An employee without a principal place of business may treat a permanent place of residence at which he incurs substantial continuing living expenses as his tax home. *Sapson v. Commissioner*, 49 T.C. 636, 640 (1968). However, where the taxpayer has neither a principal place of business nor a permanent residence, he has no tax home from which he can be away. His home is wherever he happens to be. *Brandl v. Commissioner*, 513 F.2d 697, 699 (6th Cir. 1975), affg. a Memorandum Opinion of this Court; *Rosenspan v. United States*, 438 F.2d 905, 912 (2d Cir. 1971), cert. denied 404 U.S. 864 (1971); *James v. United States*, 308 F.2d 204 (9th Cir. 1962).

While the subjective intent of the taxpayer is to be considered in determining whether he has a tax home, for purposes of section 162(a)(2), this Court and others consistently have held that objective financial criteria bear a closer relationship to the underlying purpose of the deduction. The section is intended to mitigate the burden of a taxpayer who, because of the travel requirements of his trade or business, must maintain two places of abode and therefore incur additional living expenses. *Brandl v. Commissioner, supra; Kroll v. Commission-*

*er, supra*. Section 162(a)(2) provides some relief for a taxpayer who incurs "substantial continuing expenses" of a home which are duplicated by business travel away from home on a temporary basis, by allowing a deduction for the expenses of such travel. *James v. United States, supra* at 207.

Whether petitioner had a tax home is a factual question, and the burden of proof is on petitioner. *Welch v. Helvering*, 290 U.S. 111 (1933); *Rambo v. Commissioner*, 69 T.C. 920 (1978); Rule 142(a).

At trial, petitioner advanced two arguments concerning the existence of a tax home. First, he argues that Phoenix was his "principal place of business" and second, he argues that he incurred substantial continuing expenses in the maintenance of a home which were duplicated by his business travel expenses.

In his attempt to show that Phoenix was his principal place of business, petitioner points out that his home terminal was in Phoenix and that eight trips either terminated or originated in the Phoenix area. These facts alone do not require a finding that Phoenix was his principal place of business. The relatively few business connections petitioner had with the Phoenix area are indicative that petitioner's true place of business was on the road.

Petitioner's second argument that his claimed travel expenses duplicated the expenses he incurred while at his alleged "tax home" is similarly unsupported by the facts. Petitioner's total payment to his parents for the use of a bedroom and bathroom in their house amounts to $503 for the taxable year 1981.[3] This token amount together with payments he made for his share of the electric and telephone bills does not constitute substantial, continuing living expenses. *Sapson v. Commissioner, supra.*

Thus, petitioner has failed to demonstrate that he had a "tax home" during the taxable year 1981 and he is not entitled to any of the travel deductions he claimed under section 162.[4]

---

[3]This amount is computed as follows:

| Location | Number of days | | Rate | | |
|---|---|---|---|---|---|
| At parents' house | 138 | × | $2 | = | $276 |
| On the road | 227 | × | 1 | = | 227 |
| Total | | | | | 503 |

[4]Included in the amount disallowed for petitioner's travel expenses is the $296 spent for showers. Although claimed as a "clothing expense," this item is more properly characterized as a travel expense.

The second issue is whether petitioner may deduct the $378 he paid in fines resulting from violations with which he was charged while operating his truck. The Internal Revenue Code explicitly states that these payments are nondeductible expenses under section 162(f).[5]

The next issue for decision is whether petitioner may deduct an amount withheld from his paycheck in order to pay a fine resulting from a violation with which he was not charged as a trade or business expense under section 162(a). Respondent argues that, as a matter of public policy, because Mr. Barone was the driver of the truck during the inspection, he is somehow responsible for the inadequacy of the lease that resulted in ICCC's being charged with the rule 5 violation, thus making the amount ICCC withheld from him a nondeductible expense under section 162(f).

We disagree with this argument because section 162(f) only applies to "any fine or similar penalty paid to a government." In this case, petitioner did not make any payment of this sort. While the $200 withheld represented payment for a fine, it was for a violation with which ICCC was charged, not Mr. Barone.

Although there are numerous cases where courts have investigated the language of section 162(f), none has involved a situation where a taxpayer seeks to deduct a penalty with which another person was charged. See, e.g., *Mason & Dixon Lines, Inc. v. United States*, 708 F.2d 1043, 1046 (6th Cir. 1983); *Huff v. Commissioner*, 80 T.C. 804, 820–824 (1983); *Southern Pacific Transportation Co. v. Commissioner*, 75 T.C. 497, 646–652 (1980); *S & B Restaurant, Inc. v. Commissioner*, 73 T.C. 1226, 1230–1234 (1980); *Middle Atlantic Distributors, Inc. v. Commissioner*, 72 T.C. 1136, 1140–1146 (1979).

We decline to extend the term "fine or penalty" so broadly as to include the amount withheld. Nowhere in the regulations is there language to support respondent's construction of section 162(f). Section 1.162–21, Income Tax Regs., provides:

Sec. 1.162–21. Fines and penalties.

(a) *In general.* No deduction shall be allowed under section 162(a) for any fine or similar penalty paid to—

---

[5]SEC. 162(f). FINES AND PENALTIES.—No deduction shall be allowed under subsection (a) for any fine or similar penalty paid to a government for the violation of any law.

(1) The government of the United States, a State, a territory or possession of the United States, the District of Columbia, or the Commonwealth of Puerto Rico;

(2) The government of a foreign country; or

(3) A political subdivision of, or corporation or other entity serving as an agency or instrumentality of, any of the above.

(b) *Definition.* (1) For purposes of this section a fine or similar penalty includes an amount—

(i) Paid pursuant to conviction or a plea of guilty or *nolo contendere* for a crime (felony or misdemeanor) in a criminal proceeding;

(ii) Paid as a civil penalty imposed by Federal, State, or local law, including additions to tax and additional amounts and assessable penalties imposed by chapter 68 of the Internal Revenue Code of 1954;

(iii) Paid in settlement of the taxpayer's actual or potential liability for a fine or penalty (civil or criminal); or

(iv) Forfeited as collateral posted in connection with a proceeding which could result in imposition of such a fine or penalty.

(2) The amount of a fine or penalty does not include legal fees and related expenses paid or incurred in the defense of a prosecution or civil action arising from a violation of the law imposing the fine or civil penalty, nor court costs assessed against the taxpayer, or stenographic and printing charges. Compensatory damages (including damages under section 4A of the Clayton Act (15 U.S.C. 15a), as amended) paid to a government do not constitute a fine or penalty.

Therefore, we hold that the language of section 162(f) does not render nondeductible the payments of the sort petitioner made to ICCC through withholding from his pay. The deduction is allowed.[6]

The fourth issue for decision is whether petitioner is entitled to a deduction under section 162 in the amount of $97 for a mattress and sheets. The Commissioner disallowed this expense because it was not established that it was for an ordinary and necessary business expense. At trial and on brief, respondent argued for disallowance on the alternative basis that the purchased items were capital investments recoverable only through depreciation. We refuse to consider this ground for disallowance as the argument was not timely made. *Seligman v. Commissioner*, 84 T.C. 191, 197–199 (1985).

The Commissioner's determination to disallow the deduction of this expense under section 162(a) is presumptively correct and petitioner bears the burden of proving he is entitled to the

---

[6]The respondent challenged this deduction only on the grounds that it contravenes sec. 162(f). Having held that this deduction is not invalid under sec. 162(f), we need not investigate this deduction further. *S & B Restaurant, Inc. v. Commissioner*, 73 T.C. 1226, 1230 (1980).

deductions claimed. Rule 142(a). At trial, the petitioner testified that he bought the mattress and sheets for use in his truck. We are satisfied that these items constitute ordinary and necessary business expenses deductible under section 162, and hold for petitioner on this issue.

The last issue is whether petitioner may deduct under section 162(a) the cost of the Nike tennis shoes he wore while driving his truck. Petitioner testified that lightweight shoes were essential when driving for long periods of time and that he wore this pair only while driving his truck.

The general rule concerning the deductibility of work clothes under section 162(a) is that they must be of a type specifically required as a condition of employment and not adaptable to general usage as ordinary clothing. *Donnelly v. Commissioner*, 262 F.2d 411, 412 (2d Cir. 1959), affg. 28 T.C. 1278 (1957).

The tennis shoes petitioner purchased do not fall within this rule and we deny the claimed deduction. The tennis shoes, while used exclusively for work, were not specifically required as a condition of employment and could be used generally as ordinary clothing.

To reflect the foregoing,

*Decision will be entered under Rule 155.*