T.C. Summary Opinion 2002-116

UNITED STATES TAX COURT

ROYAL AND SHELLY SPENCE WILEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11332-01S.          Filed September 4, 2002.

Royal and Shelly Spence Wiley, pro se.

<u>Douglas S. Polsky</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

--------------------

[1]   Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
years at issue.  All Rule references are to the Tax Court Rules
of Practice and Procedure.

Respondent determined deficiencies of $20,993 and $21,898 in petitioners' Federal income taxes, respectively, for 1998 and 1999 and corresponding penalties under section 6662(a) in the amounts of $4,199 and $4,380.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Rio Rancho, New Mexico.

The issues for decision are: (1) Whether petitioners are entitled to disallowed itemized deductions for charitable contributions, job expenses, and other miscellaneous deductions, and (2) whether petitioners are liable for the penalties under section 6662(a).

For each of the years in question, petitioners claimed itemized deductions on a Schedule A, Itemized Deductions, of their Federal income tax returns. For 1998, petitioners claimed itemized deductions totaling $36,703, of which $20,895 was disallowed by respondent. For 1999, petitioners deducted $43,948, of which $19,800 was disallowed by respondent. Petitioners, nevertheless, were allowed itemized deductions for both years, since the total of their other claimed and allowed deductions exceeded the standard deduction under section 63(c). For the 2 years at issue, the disallowed deductions consisted of charitable contributions, job expenses, and other miscellaneous

deductions.  Additionally, petitioners included with their tax returns for the 2 years at issue a Schedule D, Capital Gains and Losses, with respect to capital assets they sold or exchanged. On the 1998 return, petitioners reported sales of Intel Corp. stock of $52,280, with a basis of $54,603, and claimed a capital loss of $2,323.  On the 1999 return, petitioners reported sales of Intel Corp. stock for a selling price of $71,063, a basis of $72,229, and a net capital loss of $1,166.  In the notice of deficiency, respondent not only disallowed the capital losses claimed for the 2 years but determined that petitioners realized capital gains of $54,603 and $72,229, respectively, for the 2 years for the stated reason that petitioners failed to establish any basis in the stocks sold.  At trial, the parties agreed to petitioners' entitlement to capital losses of $1,568 and $1,473, respectively, for 1998 and 1999.  Respondent further agreed that the section 6662(a) penalty would not be applicable to any portion of the deficiencies attributable to the capital gain settlement (which apparently would apply only to the 1998 tax year).

Royal Wiley (petitioner) was employed by Intel Corp. during the years at issue.  Mrs. Wiley was not employed.  Prior to the years at issue, petitioners had utilized the services of a commercial tax preparation service for the preparation of their Federal income tax returns.  Petitioners were not satisfied with

this service because of what they perceived to be complications in the reporting of transactions involving stock options petitioner received as an employee of Intel Corp. On the recommendation of several of his coworkers at Intel Corp., petitioners engaged a tax return preparer, Robin Beltran, for their 1998 and 1999 returns.[2]

With respect to the contested issues, petitioners claimed the following charitable contributions as itemized deductions on their income tax returns:

|                       | 1998    | 1999    |
|-----------------------|---------|---------|
| Cash contributions    | $7,270  | $7,446  |
| Noncash contributions | 413     | 413     |
| Totals                | $7,683  | $7,859  |

In the notice of deficiency, respondent disallowed the amounts claimed for each year for lack of substantiation.

At trial, petitioners produced documentation that would establish payment of some charitable contributions for the years at issue but nowhere near the amounts claimed on their returns. They agreed that their noncash contributions were considerably in excess of the $413 claimed each year but produced no documentation as to their noncash contributions. Their return

---

[2] The Court notes that this case is one of numerous cases heard by the Court involving tax returns prepared by Mr. Beltran, which essentially involve the same deductions at issue here.

preparer, Mr. Beltran, advised petitioners not to claim noncash contributions in excess of $500 but instead to report the value of such contributions as part of their cash contributions.  The reason for that, as he explained to petitioners, was to avoid the necessity of filing additional forms.[3]  Moreover, the Court is satisfied that the total charitable contribution claimed on the returns was not based on any records petitioners may have had regarding their charitable contributions.

The Court is satisfied from the record that petitioners did make qualifying charitable contributions during the years at issue and, therefore, under the Court's discretionary authority pursuant to Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), allows petitioners charitable contribution deductions of $500 for each year at issue.

The other itemized deductions disallowed by respondent were "Job Expenses and Most Other Miscellaneous Deductions" claimed on petitioners' returns, as follows:

---

[3]     Petitioners' tax returns did not include Internal Revenue Service Form 8283, Noncash Charitable Contributions, of property other than money, which form is required for noncash contributions in excess of $500.

|                                                                   | 1998     | 1999     |
|-------------------------------------------------------------------|----------|----------|
| Unreimbursed employee expenses (before the sec. 67(a) limitation) | $13,788  | $11,110  |
| Tax preparation fees                                              | 500      | 1,200    |
| Totals                                                            | $14,288  | $12,310  |

These amounts were disallowed in the notice of deficiency.  At trial, respondent conceded petitioners' entitlement to deductions, subject to the section 67(a) limitation, of $65 and $1,220, respectively, for 1998 and 1999 for tax preparation fees.

The unreimbursed employee expenses relate to petitioner's use of his vehicle, both locally and away from home, in connection with his employment, a home computer used in connection with his employment, and special clothing required at work.  Petitioners also included as part of their vehicle expense, the mileage for use of their vehicle in connection with their charitable contributions.

Petitioners presented no documentation that would satisfy the requirements for deduction of travel expenses away from home, including meals and lodging.  To deduct such expenses, section 162(a)(2) requires substantiation of the amounts claimed by adequate records or by other sufficient evidence corroborating the claimed expenses pursuant to section 274(d).  Sec. l.274-5T(a)(l), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  To meet the adequate records requirements of section

274(d), a taxpayer "<u>shall</u> maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * * <u>and</u> documentary evidence * * * which, in combination, are sufficient to establish each element of an expenditure".  Sec. l.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). (Emphasis added.)  The elements to be proven with respect to each traveling expense are the amount, time, place, and business purpose of the travel.  Sec. l.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).  The substantiation requirements of section 274(d) are designed to encourage taxpayers to maintain records, together with documentary evidence substantiating each element of the expense sought to be deducted.  Sec. l.274-5T(c)(l), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  Petitioners presented no records or other documentary information that would satisfy the requirements of section 274(d) and the regulations cited. Moreover, to the extent petitioner used his vehicle locally and not for travel away from home within the intent and meaning of section 162(a)(2), such expenses are also subject to the same substantiation requirements because section 274(d) includes transportation expenses incurred in the use of "listed property" as defined in section 280F(d)(4).  A passenger automobile is listed property.  Sec. 280F(d)(4)(A)(i) and (ii).  Similarly, any computer or peripheral equipment not used at a regular business

establishment is also listed property, and, therefore, deductions for the use of such property are also subject to the same substantiation requirements.  Sec. 280F(d)(4)(A)(ii) and (B). Moreover, there is evidence in the record that petitioner's employer, Intel Corp., had a reimbursement policy that would have covered at least some of the expenses petitioner incurred in his employment.  There is no evidence that petitioner claimed reimbursement from his employer for any of the expenses claimed on the tax returns.  The law is well settled that reimbursable expenses for which an employee claims no reimbursement are not deductible.  Orvis v. Commissioner, 788 F.2d 1406 (9th Cir. 1986), affg. T.C. Memo. 1984-533.  With respect to that portion of petitioner's expenses relating to special clothing necessary in his employment, the amount of which was not specified, this Court has held that expenses for clothing used by an employee at work that is suitable for ordinary wear, including expenses for the purchasing and laundering of such clothing, constitute personal expenses and are not deductible under section 262. Barone v. Commissioner, 85 T.C. 462, 469 (1985), affd. without published opinion 807 F.2d 177 (9th Cir. 1986).  On the other hand, shoes or clothing worn by an employee that are not adaptable to personal use and are necessary for the employee's safety and protection while at work are deductible as employee business expenses.  Kozera v. Commissioner, T.C. Memo. 1986-604.

Petitioners presented no evidence that they purchased any clothing or shoes that were used by petitioner in his employment that was not adaptable to personal use.  The Court recognizes that petitioner was required to wear at work a "bunny", an apparel over his regular clothing, which more than likely would not be suitable for ordinary wear.  However, petitioner presented no evidence that he was required to purchase or did in fact purchase such clothing.  The inference from the record is that such clothing was provided by petitioner's employer.  On this record, petitioners have not established their entitlement to a deduction for unreimbursed employee expenses.  The concessions by respondent relate to tax preparation fees, subject to the limitations of section 67(a).  Respondent, therefore, is sustained in the disallowance of the itemized deductions at issue, except as to the amounts allowed by the Court and respondent's concessions.

The second issue is whether petitioners should be held liable for the section 6662(a) penalties.  Petitioners contend they should be absolved of liability for such penalties because they relied on the representations of their return preparer, Mr. Beltran.

Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the

taxpayer's negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and disregard consists of any careless, reckless, or intentional disregard. Sec. 6662(c). The courts have refined the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989). Section 1.6662-3(b)(1), Income Tax Regs., provides that "Negligence is strongly indicated where * * * a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * on a return which would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances". An exception applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. Under section 1.6664-4(b)(1), Income Tax Regs., "Circumstances that may indicate reasonable cause and good faith include an honest

misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer."  Moreover, a taxpayer is generally charged with knowledge of the law.  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992).  Although a taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, the taxpayer must take reasonable steps to determine the law and to comply with it.  Id.

Under certain circumstances, a taxpayer may avoid the accuracy-related penalty for negligence where the taxpayer reasonably relied on the advice of a competent professional. Sec. 1.6664-4(b)(1), Income Tax Regs.; see sec. 6664(c); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).  Reliance on a professional adviser, standing alone, is not an absolute defense to negligence; it is only one factor to be considered.  In order for reliance on a professional adviser to relieve a taxpayer from the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise and knowledge of the relevant facts to provide informed advice on the subject matter.  Freytag v. Commissioner, supra at 888.

Petitioners made no effort to ascertain the professional background and qualifications of their return preparer.  They

admitted on brief that the deductions at issue were not based on books and records and even acknowledged at trial that they questioned Mr. Beltran regarding certain expenses that they had not claimed as deductions on prior years' returns. Petitioners did not look beyond Mr. Beltran's representations. The Court is satisfied that petitioners knew that they could only claim deductions that could be substantiated, and, even if they did not know that, at the very least, the representations that such deductions could be claimed without documentation should have prompted them to verify the accuracy of such a representation with a qualified preparer. In addition, petitioners' failure to question Mr. Beltran's representations that noncash charitable contributions could be lumped in or considered as cash contributions should have raised additional questions as the income tax forms clearly specify the need for an additional form and other information where such contributions exceed $500. Moreover, the amounts claimed for unreimbursed employee expenses were clearly disproportionate to petitioner's wages, which also should have merited further inquiry. Petitioner's failure to claim reimbursement from his employer for at least some of his expenses casts further doubt that such expenses were in fact incurred. These facts demonstrate to the Court that petitioners made no reasonable effort to ascertain their correct tax liability for the years at issue. Stubblefield v. Commissioner,

supra.  The Court, therefore, sustains respondent on the section 6662(a) penalties.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155.</u>