T.C. Summary Opinion 2003-82

UNITED STATES TAX COURT

THOMAS C. PRIDE, SR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13105-02S.                    Filed June 19, 2003.

Thomas C. Pride, pro se.

<u>Edwina L. Jones</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $405.11 for the taxable year 1999.

The issues for decision are: (1) Whether petitioner is entitled to various itemized deductions disallowed by respondent, and (2) whether petitioner received unreported interest income.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Charlotte, North Carolina, on the date the petition was filed in this case.

On petitioner's Federal income tax return for taxable year 1999, petitioner reported adjusted gross income of $40,414 and claimed total itemized deductions of $15,294. In the statutory notice of deficiency, respondent disallowed the following portions of the itemized deductions claimed by petitioner on his return:

|  | Claimed | Disallowed |
|---|---|---|
| Mortgage interest | $6,717 | $1,023 |
| Charitable contributions | 3,524 | 250 |
| Employee business expenses | 1,423 | 1,423 |

The employee business expense deduction claimed on the return is for expenses of $2,231 reduced pursuant to the section 67(a) limitation on miscellaneous itemized deductions. Respondent also

determined that petitioner received unreported interest income of $13.

A taxpayer generally must keep records sufficient to establish the amounts of the items reported on his Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).[1]

The first deduction in dispute is the deduction for mortgage interest. Mortgage interest generally is deductible under section 163(a), subject to the requirements of section 163(h). Petitioner argues that the $1,023 disallowed by respondent represents interest he paid on a second mortgage. Petitioner, however, was unable to provide any substantiation for this second

---

[1]Where petitioner has failed to provide the required substantiation, as discussed in detail below, the burden of proof does not shift to respondent pursuant to sec. 7491(a) and instead remains on petitioner. Sec. 7491(a)(2)(A); Rule 142(a).

mortgage or for the alleged payments made with respect thereto. While we accept petitioner's testimony that at some point in time he obtained a second mortgage on his residence, petitioner's uncorroborated testimony was insufficient to substantiate the existence of, or payments on, a second mortgage during 1999. We sustain respondent's disallowance of the relevant portion of the mortgage interest deduction. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

The second deduction in dispute is the deduction for charitable contributions. The $250 portion of the deduction disallowed by respondent represents the portion of petitioner's deduction that was claimed for noncash contributions. Subject to various requirements and limitations, charitable contributions may be deducted under section 170(a). In addition to the general substantiation requirements noted above, deductions for charitable contributions are allowed only if certain record-keeping requirements are met. Sec. 170(a)(1); sec. 1.170A-13, Income Tax Regs. With respect to noncash contributions, taxpayers generally must obtain a receipt or other written record from the donee showing the name of the donee, the date and location of the contribution, and a description of the property contributed. Sec. 1.170A-13(b)(1), Income Tax Regs. If obtaining a receipt is impractical, the taxpayer must nonetheless keep "reliable written records with respect to each item of

donated property that include the information" listed above.  Id.

Petitioner argues that he donated clothes and various household items to Goodwill, the Salvation Army, and the Boys' Club.  However, petitioner provided no written records concerning any donations and has provided this Court with no method by which to ascertain with a reasonable degree of certainty what he contributed during 1999.  We sustain respondent's disallowance of the relevant portion of the charitable contribution deduction. Sec. 170(a)(1); sec. 1.170A-13, Income Tax Regs; see also sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

The final deduction in dispute is the deduction for employee business expenses.  Unreimbursed employee business expenses generally may be deductible under section 162(a).  However, the deduction is a miscellaneous itemized deduction.  Sec. 67(b).  A taxpayer's miscellaneous itemized deductions are allowed only to the extent by which they exceed 2 percent of the taxpayer's adjusted gross income.  Sec. 67(a).  Petitioner argues that he incurred expenses for clothing which he was required to wear to his job; subscriptions to various magazines; union dues; and attendance at work-related seminars.  He estimated that the magazine subscriptions were "less than $100" and that the union dues were "roughly" between $120 and $140 per year.  The clothing which petitioner was required to wear to work consisted of suits

and other general "business attire" which petitioner typically wore only to work.

The clothing expenses incurred by petitioner were for clothes of a type which can be worn outside of work.  A deduction may not be claimed for such expenses because they are nondeductible personal expenses rather than business expenses, even if the clothing was in fact used exclusively for work.  Sec. 262(a); Barone v. Commissioner, 85 T.C. 462, 469 (1985) ("The general rule concerning the deductibility of work clothes under section 162(a) is that they must be of a type specifically required as a condition of employment and not adaptable to general usage as ordinary clothing."), affd. without published opinion 807 F.2d 177 (9th Cir. 1986).  Petitioner has failed to substantiate the bulk of the employee business expenses for which he claimed a deduction.  Although petitioner provided an estimate for two of the remaining items, these items total only $220 to $240 and do not meet the 2-percent floor imposed by section 67(a).  We therefore sustain respondent's disallowance of the employee business expense deduction.  Secs. 67(a), 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

The second issue for decision is whether petitioner received unreported interest income.  Respondent determined that petitioner received interest income of $13 from the Internal Revenue Service during 1999.  Petitioner argues that he never

received the check which allegedly contained this amount of interest. We need not reach this issue. Because we have sustained respondent's determination concerning the disallowed deductions, petitioner's taxable income for 1999 is $22,316, exclusive of the interest income. Thus, whether or not petitioner received $13 in unreported income does not change petitioner's tax liability under the tax tables promulgated by the Secretary pursuant to section 3, which impose the same amount of Federal income tax liability on taxable incomes which are at least $22,300 but less than $22,350.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.