T.C. Summary Opinion 2004-150

UNITED STATES TAX COURT

JERRY HOWARD-CROWLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8491-03S.                Filed November 3, 2004.

Jerry Howard-Crowley, pro se.

<u>Carina J. Campobasso</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's 2000 Federal income tax of $12,915, an addition to tax of $646 under section 6651(a)(1), and an accuracy-related penalty of $2,583 under section 6662(a).

The parties agree that petitioner received miscellaneous income of $45,548 from B & D Stone Property Management, Inc., and $189 in interest income from Community Guaranty Savings. The parties further agree that petitioner is entitled to deduct on Schedule A, Itemized Deductions, medical expenses of $1,731.50, taxes of $1,879.05, and interest of $1,297.63. And the parties agree that petitioner is entitled to deduct on Schedule C, Profit or Loss From Business, insurance of $377, taxes and license fees of $128.20, repairs and maintenance expenses of $104.73, and supplies expenses of $18,129.19.

The issues remaining for decision are whether petitioner is: (1) Entitled to any deductions in excess of those agreed to by respondent; (2) liable for the addition to tax under section 6651(a)(1); and (3) liable for the accuracy-related penalty under section 6662.

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Plymouth, New Hampshire.

## Background

Petitioner is self-employed as a carpenter and builder primarily performing renovation work. During the year at issue, petitioner performed services for B & D Stone Property Management, Inc., located in Waterville Valley, New Hampshire.

Petitioner is divorced and has two children. Petitioner's former wife was granted primary physical custody of both children, but petitioner, in the agreement to amend the decree, was granted the right to claim his daughter as a dependent beginning with the 1999 tax year.

Petitioner attempted to file as a tax return for 2000 a Form 1040, U.S. Individual Income Tax Return, containing zeros on all lines except line 6 where he claimed one exemption, line 36 where he claimed the standard deduction, and line 38 where he claimed the amount for a personal exemption. Petitioner attached to the form a signed document in which he stated that he is not liable for income taxes nor is he required to file a Federal income tax return.

Respondent notified petitioner by mail that third-party payors had reported income items that petitioner failed to include on his Form 1040. Petitioner responded by letter to respondent's communication, claiming that Federal income tax laws are unconstitutional.

After the notice of deficiency was issued, the case was assigned to respondent's Appeals Office for consideration. While Appeals was considering the case, petitioner submitted a Form 1040 for 2000 that listed the income determined in the notice of deficiency and claimed deductions on Schedules A and C. The parties agree that petitioner was required to file a Federal income tax return for 2000.

## Discussion

At trial, petitioner argued that he is entitled to additional deductions for: (a) A dependency exemption for his daughter; (b) medical expenses; (c) home office expenses; (d) computer expenses; (e) business transportation expenses; and (f) work clothing expenses. Petitioner failed to meet the requirements of section 7491(a)(2), and the Court decides this case on the basis of the preponderance of the evidence.

## Deductions Petitioner Claimed

### Deduction for Dependency Exemption

Section 151(c) allows a taxpayer to deduct an exemption amount for each "dependent" as defined in section 152. Section 152(a) defines a dependent to include a son or daughter of the taxpayer "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

In the case of a child of divorced parents, section 152(e)(1) provides that if a child receives over half of his support from parents who are divorced under a decree of divorce and the child is in the custody of one or both of his parents for more than one-half of the year, then the child will be treated as receiving over half of his support from the parent having custody for a greater portion of the calendar year. The term "custody" is "determined by the terms of the most recent decree of divorce". Sec. 1.152-4(b), Income Tax Regs. Because the divorce decree granted petitioner's former wife primary physical custody of the children, she is considered their "custodial parent" under section 152(e). See Cafarelli v. Commissioner, T.C. Memo. 1994-265.

Petitioner contends that because he was in compliance with the terms of the divorce decree, as modified by the agreement to amend decree, he is entitled to the claimed deductions. The Court, however, need not discuss the merits of this argument because petitioner, as the noncustodial parent, did not abide by the statutory requirements as explained below.

The requirements of section 152(e) must be met regardless of the language of the State court divorce decree. See Miller v. Commissioner, 114 T.C. 184 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). As the "noncustodial parent", petitioner is allowed to claim his

children as dependents only if one of the three statutory exceptions in section 152(e) is met.  Under these exceptions, the "noncustodial parent" is treated as providing over half of a child's support if:  (1) Pursuant to section 152(e)(2), the custodial parent signs a written declaration that the custodial parent will not claim the child as a dependent, and the noncustodial parent attaches the written declaration to the noncustodial parent's return for the taxable year; (2) pursuant to section 152(e)(3), there is a multiple-support agreement between the parties as provided in section 152(c); or (3) pursuant to section 152(e)(4), there is a qualified pre-1985 instrument providing that the noncustodial parent shall be entitled to any deduction allowable under section 151 for the child, provided that certain other requisites, not pertinent here, are met.

There is no evidence that any of the exceptions applies to this case.  Petitioner's former wife did not release her claim to the exemptions.  For 2000, she did not sign a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or any similar statement substantially in the form of a Form 8332, to release to petitioner her right to claim deductions for certain dependency exemptions.  Petitioner did not attach a Form 8332 or anything substantially similar to a Federal income tax return for 2000.  See Miller v. Commissioner, supra.

There is no evidence in the record that petitioner complied with the requirements of section 152, and the Court holds that petitioner is not entitled to a dependency exemption deduction for his daughter for 2000.

### Deduction for Medical Expenses

Petitioner argued at trial that he should be allowed medical expense deductions for himself and amounts he spent for medical insurance on his children. He alleges that he incurred as a medical expense for himself less than $100 for anger management counseling from a person named Dolly Powell. He testified that he was unable to obtain any information from her and that her telephone number is unpublished.

A taxpayer generally must keep records sufficient to establish the amounts of the items reported on his Federal income tax return. See sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. However, in the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, the Court generally may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The Court cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be

made.  See <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 743 (1985).
Petitioner has not provided sufficient evidence upon which the
Court may allow a deduction for amounts he says were paid to
Dolly Powell.

Under section 213, individuals are allowed to deduct the
expenses paid for the "medical care" of the taxpayer, the
taxpayer's spouse, or a dependent, to the extent the expenses
exceed 7.5 percent of adjusted gross income and are not
compensated for by insurance or otherwise.  The Court has
determined that under section 152(e) petitioner's children do not
qualify as his dependents during the year, and he therefore is
not entitled to deduct the cost of insurance for his children
that he paid for the year.

<u>Deduction for Home Office Expense</u>

Petitioner testified at trial that he used his dining room
as an office and his garage as a storage facility for items he
used in his trade or business.  Petitioner submitted to Appeals a
Form 1040 for 2000 showing a tax liability that did not reflect
an amount for a home office deduction.  On the attached Schedule
C, line 30, "Expenses for business use of your home.  Attach Form
8829", no amount was listed.  Petitioner did, however, attach to
the Form 1040 a Form 8829, Expenses for Business Use of Your
Home, showing expenses of $4,161.41.  The form indicates that

petitioner claims 52 percent of the area of his home was used for business.

Section 162 generally allows a deduction for ordinary and necessary expenses incurred in carrying on a trade or business. Under section 280A(c)(1)(A), however, business expenses relating to use of any portion of a taxpayer's home are not allowable unless the taxpayer establishes that the portion of the taxpayer's home to which the expenses relate was used exclusively and on a regular basis as the principal place of the taxpayer's trade or business. Hamacher v. Commissioner, 94 T.C. 348, 353 (1990). The flush language following section 280A(c)(1)(C) provides that the term "principal place of business" includes a place used by the taxpayer "for the administrative or management activities" of a trade or business. Occasional use, however, of a portion of a taxpayer's home for business purposes will not satisfy the requirements of section 280A(c). LaFavor v. Commissioner, T.C. Memo. 1998-366; Anderson v. Commissioner, T.C. Memo. 1982-576.

Petitioner testified that his dining room office contained a file cabinet, construction magazines, a television (for watching the Learning and Discovery channels), a computer, and a desk. Petitioner further testified that he was a subcontractor for Stone Property Management during the entire year and had no other sources of income. When asked for what purpose the office was

used, he said it was for writing "bills", writing proposals, and investigating new techniques. Upon further questioning he stated that there were no proposals written for the year and that the office was used mainly for writing "bills" and for "personal e-mail to send bills" rather than to mail them.

Petitioner also testified that he used his garage as a storage facility for his "business items". He presented pictures of the interior and exterior of his garage. The pictures of the interior show a mixture of items that could be used for petitioner's trade or business or for personal purposes.

The Court finds by a preponderance of the evidence that petitioner used his dining room and his garage only occasionally and not exclusively or on a regular basis as the principal place of business for his trade or business.

Deductions for Business Transportation Expenses and Computer Expenses

Where a taxpayer has established that he has incurred a trade or business expense, failure to prove the exact amount of the otherwise deductible item may not be fatal. Generally, unless precluded by section 274, the Court may estimate the amount of such an expense and allow the deduction to that extent. See Finley v. Commissioner, 255 F.2d 128, 133 (10th Cir. 1958), affg. 27 T.C. 413 (1956); Cohan v. Commissioner, supra. Certain business deductions described in section 274, however, are subject to rules of substantiation that supersede the doctrine in

Cohan.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  Section 274(d) provides that no deduction shall be allowed with respect to the use of any "listed property", as defined in section 280F(d)(4), unless the taxpayer substantiates certain elements. "Listed property" includes any property used as a means of transportation, and any computer or peripheral equipment.  Sec. 280F(d)(4)(A)(ii), (iv).

For an expense described in the above category, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony:  (1) The amount of the expenditure or use on the basis of the appropriate measure (mileage may be used in the case of automobiles); (2) the time and place of the expenditure or use; and (3) the business purpose of the expenditure or use.

To meet the adequate records requirements of section 274, a taxpayer must maintain some form of records and documentary evidence that in combination are sufficient to establish each element of an expenditure or use.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., supra.  A contemporaneous log is not required, but corroborative evidence to support a taxpayer's reconstruction of the elements of expenditure or use must have "a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record.  Sec. 1.274-

5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioner testified that his remodeling work required him to "spend a lot more time driving around getting specific items for a specific job, specialty items." Petitioner also testified that his method of recording his business miles was to write down the mileage for his truck at the beginning of the year and to note the mileage at the end of the year.

Petitioner testified that he bought a computer in 1999 that he used for both business and personal purposes in 2000. Petitioner claims that he is entitled to deduct the part of the cost of the computer that he paid in 2000 as a business expense.

The Court finds that petitioner has failed to meet the adequate records requirements of section 274 with respect to his truck and his computer.

### Deduction of Expenses for Work Clothing

Petitioner claims that he is entitled to a deduction for "work clothing", including winter boots, pants, underwear, and a liner. Expenses for work clothing may be deductible under section 162 if the taxpayer can establish that: (1) The clothing was required or essential in the taxpayer's employment; (2) the clothing was not suitable for general or personal wear; and (3) the clothing was not so worn. Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958); Kozera v. Commissioner, T.C. Memo. 1986-604.

The clothing expenses petitioner incurred were for clothes of a type which can be worn outside of work. The articles of clothing seem especially suited for ordinary wear in the State of New Hampshire. A deduction may not be claimed for the expenses because they are nondeductible personal expenses rather than business expenses, even if the clothing was in fact used exclusively for work. Sec. 262(a); Barone v. Commissioner, 85 T.C. 462, 469 (1985) ("The general rule concerning the deductibility of work clothes under section 162(a) is that they must be of a type specifically required as a condition of employment and not adaptable to general usage as ordinary clothing."), affd. without published opinion 807 F.2d 177 (9th Cir. 1986). Petitioner's clothing was suitable for general or personal wear.

Petitioner is not entitled to any deductions in excess of those agreed to by respondent.

Addition To Tax and Penalty

Addition To Tax for Failure To Timely File

Section 6651(a)(1) provides for an addition to tax of 5 percent of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25 percent. The addition to tax for failure to file a timely return will be imposed if a return is not timely filed unless the taxpayer shows that the delay was due to reasonable

cause and not willful neglect.  See sec. 6651(a)(1).

The Commissioner has the "burden of production in any court proceeding with respect to the liability of any individual for any" addition to tax.  Sec. 7491(c).  It is clear from the record here that petitioner did not file a timely tax return.  His explanation for his failure to file timely was that he filed a "zero" return because "I was led astray, and learned that I was doing the wrong thing.  It just took some time."

The Court holds that petitioner's return for the year was not timely filed and that petitioner has not shown that the delay was due to reasonable cause and not willful neglect.

### Accuracy-related Penalty under Section 6662

The Commissioner has the "burden of production in any court proceeding with respect to the liability of any individual for any penalty" under section 6662(a).  Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  To meet this burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the penalty.  Higbee v. Commissioner, supra at 447.  Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade the Court that the Commissioner's determination is incorrect.  Id.  The taxpayer also bears the burden of proof with regard to issues of reasonable cause, substantial authority, or similar provisions.  Id. at 446.

Section 6662(a) imposes a penalty of 20 percent of the portion of the underpayment which is attributable to, inter alia, negligence or disregard of rules or regulations.  Sec. 6662(b)(1). Negligence is the "'lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'"  Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967)).  The term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).

No penalty shall be imposed if it is shown that there was reasonable cause for the underpayment and the taxpayer acted in good faith with respect to the underpayment.  Sec. 6664(c).  The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances.  The most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability.  "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge and education of the taxpayer."  Sec. 1.6664-4(b)(1), Income Tax Regs.; see Reynolds v. Commissioner, 296 F.3d 607, 618 (7th Cir. 2002), affg. T.C. Memo. 2000-20.

Respondent has satisfied his burden of production under section 7491(c) by establishing that petitioner received the income items that he failed to report.  Petitioner does not dispute receiving the payments and offered no reasonable cause for his failure to report the items.

The Court holds that petitioner is liable for the accuracy-related penalty under section 6662(a).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.