T.C. Summary Opinion 2021-3

UNITED STATES TAX COURT

AKEEM ADEBAYO SOBOYEDE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13146-18S.                    Filed January 26, 2021.

Akeem Adebayo Soboyede, pro se.

<u>Casey R. Conrad</u>, for respondent.

## SUMMARY OPINION[1]

GREAVES, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[2] of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $5,562 deficiency and a $1,112 section 6662(a) accuracy-related penalty for petitioner's 2015 tax year (year at issue).  After respondent's concessions, the issue for decision is whether petitioner is entitled to deductions claimed on Schedule C, Profit or Loss From Business.  We decide this issue in respondent's favor.

---

[1]This case was tried before Judge Robert P. Ruwe on December 3, 2019. The Court issued an order proposing to reassign this case to another judicial officer for purposes of preparing a summary opinion and entering a decision based on the record of trial, or, alternatively, allowing the parties to request a new trial. The parties consented to reassignment of the case.  By order dated August 31, 2020, this case was submitted to Judge Travis A. Greaves.

[2]Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts are rounded to the nearest dollar.

## Background

The parties filed a stipulation of facts that is incorporated by this reference. Petitioner resided in Minnesota when he petitioned this Court.

Petitioner is an attorney and is licensed to practice in both Minnesota and Washington, D.C. During the year at issue petitioner maintained solo law practices in Minnesota and in the Washington, D.C., area. Aside from a 54-day trip to Nigeria, petitioner divided his time in 2015 between these two locations.

Petitioner also undertook document review work to financially sustain himself during the year at issue. He received $46,130 in wages during 2015, which he reported on his 2015 Form 1040, U.S. Individual Income Tax Return, from multiple companies for document review work. Of that amount, $38,548 was from work performed in the Washington, D.C., area and $7,582 was from work performed in Minnesota.

Petitioner filed his 2015 Form 1040 selecting married filing separately status. He included with the Form 1040 a Schedule C reporting income and expenses from his practice of law. On the Schedule C he reported gross income of $10,650 and total business expenses of $26,816, which produced a net loss of $16,166.

Following an examination of petitioner's 2015 Form 1040, respondent determined that petitioner either failed to substantiate, or was not otherwise entitled to deduct, many of the expenses reported on the Schedule C. Thereafter, respondent issued a notice of deficiency disallowing the following amounts that petitioner reported on his Schedule C and deducted on his 2015 Form 1040: $5,734 for "car and truck" expenses and $17,596 for "other" expenses. Specifically, respondent disallowed deductions for the following reported "other" expenses:

| Expense | Amount |
| --- | --- |
| Hotel in MD to see client[1] | $8,400 |
| MN office rent | 2,400 |
| Internet and phone | 2,000 |
| Paper, stationary [sic], ink | [2]760 |
| Flights | 500 |
| Tolls and fees | 1,682 |
| Parking | 1,254 |
| CLE classes | 600 |

[1]This expense item represents both hotel costs and apartment rent.
[2]Respondent erroneously reported this amount as $700 in the pleadings.

Respondent also determined a section 6662(a) accuracy-related penalty. Thereafter, petitioner petitioned this Court for redetermination of the deficiency and the penalty.[3]

## Discussion

The Commissioner's determinations set forth in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend, and the evidence does not establish, that the burden of proof shifts to respondent under section 7491(a) as to any issue of fact.

A taxpayer may generally deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Sec. 162(a); cf. sec. 262(a) (disallowing deductions for personal, living, or family expenses); sec. 1.162-2(e), Income Tax Regs. (commuting expenses not deductible). Deductions are a matter of legislative grace; the taxpayer bears the burden of substantiating his claimed deductions by keeping and producing records sufficient to enable the Commissioner to determine the correct tax liability. Sec. 6001;

---

[3]Respondent conceded the following amounts: $2,000 for "MN Office Rent," $460 for "Paper Stationary [sic] Ink," $500 for "Flights," and $1,380 for "Car and Truck" expenses. Respondent also conceded the sec. 6662(a) accuracy-related penalty in full.

INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), (e), Income Tax Regs.

A taxpayer must also satisfy the following requirements to deduct a travel-related expense under section 162: (1) the expense must be reasonable and not "lavish or extravagant under the circumstances"; (2) the expense must be incurred "while away from home"; and (3) the expense must be incurred in the pursuit of a trade or business. Sec. 162(a)(2); see Commissioner v. Flowers, 326 U.S. 465, 470 (1946); see also Commissioner v. Heininger, 320 U.S. 467, 475 (1943) (explaining that whether an expenditure fulfills these conditions is generally a question of fact). Moreover, taxpayers must establish through adequate records or other sufficient evidence: (1) the amount of the travel expense; (2) the time and place of the travel; and (3) the business purpose of the travel expense. Sec. 274(d).

1. Lodging Expenses

Petitioner reported $8,400 in Maryland hotel expenses and apartment rent (Maryland lodging expenses) on his 2015 Schedule C.[4] Respondent conceded that

---

[4]Petitioner reported the Maryland lodging expenses on line 27a, "Other expenses", of his 2015 Schedule C (as opposed to line 24a, "Travel"), but both parties characterized those costs as travel expenses during the proceedings. We believe a recharacterization appropriate and will therefore treat the Maryland

(continued...)

petitioner substantiated as much as $7,073 of those costs but contends that the

Maryland lodging expenses were not incurred while petitioner was "away from

home" as required by section 162(a)(2). Specifically, respondent argues that

Maryland, not Minnesota, represented petitioner's tax home in 2015.

A taxpayer's "tax home" for purposes of section 162(a)(2) generally "means

the vicinity of the taxpayer's <u>principal</u> place of employment [or business] and not

where his or her personal residence is located." <u>Mitchell v. Commissioner</u>, 74

T.C. 578, 581 (1980) (emphasis added). We consider the following factors in

determining petitioner's principal place of business: (1) where he spent more of

his time; (2) where he engaged in greater business activity; and (3) where he

derived a greater proportion of his income. <u>See, e.g.</u>, <u>Montgomery v.</u>

<u>Commissioner</u>, 64 T.C. 175, 179 (1975), <u>aff'd</u>, 532 F.2d 1088 (6th Cir. 1976).

In 2015 petitioner spent at least 161 days in the Washington, D.C., area,

54 nonworking days in Nigeria,[5] and at least 115 days in Minnesota. Even if he

---

[4](...continued)
lodging expenses exclusively as travel expenses to determine whether petitioner
may deduct them under sec. 162. <u>See, e.g.</u>, <u>Barone v. Commissioner</u>, 85 T.C. 462,
466 n.4 (1985) (concluding that the taxpayer's reported "clothing expense" was
"more properly characterized as a travel expense" for purposes of sec. 162), <u>aff'd</u>
<u>without published opinion</u>, 807 F.2d 177 (9th Cir. 1986).

[5]Petitioner testified that he worked remotely while in Nigeria but provided
<span style="float:right">(continued...)</span>

spent the remaining 35 unaccounted-for days in Minnesota, petitioner still physically spent more than 50% of his total working days in the Washington, D.C., area in 2015. Petitioner introduced several exhibits, including email correspondence, ATM withdrawal records, and debit card statements, in an effort to establish a greater presence in Minnesota, but the documentation as a whole contained material gaps in time that ranged from days to weeks. Petitioner's testimony in this regard carries no weight in that he admitted uncertainty as to his own estimates, conceded unexplained errors in his own calculations, and made statements that were inconsistent with his own exhibits.

With respect to income earned in each location during 2015, petitioner earned at least $38,548 in income related to his work in the Washington, D.C., area as compared to $7,582 earned in Minnesota. Even if the entire $10,650 in gross income reported on petitioner's Schedule C was also attributable to his Minnesota practice, petitioner still earned a greater portion of his total income in the Washington, D.C., area during the year at issue. Finally, petitioner produced

---

[5](...continued)
no verifiable evidence of any legal work performed during his foreign trip that could be attributed to Minnesota. Instead, petitioner's testimony as to how he spent his time working remotely in Nigeria was undercut in multiple instances by his own supporting exhibits wherein he expressly stated that he "was not engaged in any employment during this period of my absence from the United States" and "was unemployed" while in Nigeria.

little evidence to demonstrate that he engaged in greater business activity in Minnesota, even though he controlled the information necessary to show such activity, e.g., billable hour logs, statement of client expenses, verifiable calendar entries and meetings, or other credible contemporaneous evidence. See Rogers v. Commissioner, T.C. Memo. 2014-141, at *17 (finding that failure to keep and present accurate records "counts heavily against a taxpayer's attempted proof").

A narrow exception to the above tax home rules may nevertheless exist where the taxpayer's place of business or employment in a particular location is "temporary". Norwood v. Commissioner, 66 T.C. 467, 469 (1976) (citing Peurifoy v. Commissioner, 358 U.S. 59 (1958)). A place of business or employment is considered temporary if it "can be expected to last for only a short period of time." Id. (quoting Tucker v. Commissioner, 55 T.C. 783, 786 (1971)). However, this exception under Norwood does not apply where a taxpayer's place of business or employment at a location separate from his or her principal place of business is "indefinite or indeterminate" in duration as opposed to temporary. See id. Petitioner's statements and supporting evidence do not reflect that his presence in the Washington, D.C., area was "temporary" as he was not in the area for a set or limited period but was instead indefinitely working there in furtherance of his Washington, D.C., immigration practice.

Based on the foregoing, we conclude that petitioner's principal place of business, and therefore his tax home during 2015, was Maryland. Petitioner is thus not entitled to deduct the $8,400 of Maryland lodging expenses he reported because he was not "away from home" within the meaning of section 162(a)(2) during that time.

2.    Transportation and Remaining Expenses

Petitioner also claimed deductions on his 2015 Schedule C for the following transportation-related expenses (transportation expenses): toll fees, parking expenses, and "car and truck" expenses. To the extent the transportation expenses constituted section 162(a)(2) travel expenses, petitioner failed to properly substantiate them under section 274(d). To the extent the transportation expenses did not constitute section 162(a)(2) travel expenses,[6] he similarly failed to establish how those items were ordinary and necessary business expenses under section 162(a) (as opposed to nondeductible personal expenses under section 262 or commuter expenses under section 1.162-2(e), Income Tax Regs.). Petitioner admitted in his testimony that he did not keep the necessary documentation because he "did not know * * * [he] was going to get audited." Petitioner failed to

_____

[6]Transportation expenses incurred without the need for either "sleep or rest" are not considered sec. 162(a)(2) travel expenses. See United States v. Correll, 389 U.S. 299, 302-306 (1967).

comply with the appropriate documentation requirements and therefore may not deduct the transportation expenses under section 162 except to the extent respondent conceded.

Petitioner similarly provided no evidence to document the remaining disputed expenses (remaining expenses): internet and telephone services, Minnesota office rent, paper, stationery, ink, and CLE classes. Petitioner attempted to substantiate the internet and telephone expenses by producing a checking account statement showing payments totaling $1,489 for internet and telephone services along with emails documenting that he used both services for business purposes. However, petitioner testified that he also used the internet and telephone for personal reasons, and neither the checking account statement nor the emails showed the precise expenditures for business as opposed to personal use. See Fiedziuszko v. Commissioner, T.C. Memo. 2018-75, at *16, aff'd, 796 F. App'x 947 (9th Cir. 2020). Petitioner again failed to carry his burden of proving that these costs represented business expenses as opposed to nondeductible personal expenses. See sec. 262. Accordingly, we sustain respondent's adjustments with respect to the remaining expenses except to the extent conceded by respondent.

To reflect the foregoing,

Decision will be entered under

Rule 155.
